**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re | ) Chapter 11 ) |
| TV AZTECA, S.A.B. DE C.V.,[1] | ) Case No. 23-10385 (LGB) ) |
| | ) (Joint Administration Requested) |
| Alleged Debtors. | ) |

**DECLARATION OF FERNANDO DEL
CASTILLO ELORZA IN SUPPORT OF THE
JOINT MOTION OF THE BANK OF NEW YORK MELLON
AND THE PETITIONING CREDITORS FOR ENTRY OF AN
ORDER (I) AFFIRMING THE APPLICABILITY OF AND ENFORCING
THE AUTOMATIC STAY, OR, IN THE ALTERNATIVE, (II) GRANTING
LIMITED RELIEF FROM THE AUTOMATIC STAY PURSUANT TO 11 U.S.C. 362**

I, Fernando Del Castillo Elorza, declare as follows:

1. I am an attorney duly admitted to practice law in Mexico. I earned my law degree from the Universidad Nacional Autónoma de México in 1993. In 2016, I obtained a Masters in Corporate Law from Universidad Panamericana in Mexico City.

2. I specialize in commercial litigation, alternative dispute resolution, and bankruptcy and restructuring in Mexico. Before founding Del Castillo y Castro in 2018, I practiced law in the dispute resolution group at Santamarina y Steta, S.C., which I joined in 1993. I made partner in

---

[1] The debtors in these cases are TV Azteca, S.A.B. de C.V.; Alta Empresa, S.A. de C.V.; Asesoría Especializada En Aviación, S.A. de C.V.; Equipo de Futbol Mazatlan, S.A. de C.V.; Producciones Dopamina, S.A. de C.V.; Azteca Records, S.A. de C.V.; Ganador Azteca, S.A.P.I. de C.V.; Operadora Mexicana De Televisión, S.A. de C.V.; Azteca Sports Rights LLC; Producciones Azteca Digital, S.A. de C.V.; Producciones Especializadas, S.A. de C.V.; Productora De Televisión Regional De Tv Azteca, S.A. de C.V.; Promotora de Futbol Rojinegros, S.A. de C.V.; Mazatlan Promotora de Futbol, S.A. de C.V.; Publicidad Especializada en Medios de Comunicación de TV Azteca, S.A. de C.V.; S.C.I. de México, S.A. de C.V.; Servicios Aéreos Noticiosos, S.A. de C.V.; Servicios Especializados Taz, S.A. de C.V.; Servicios y Mantenimiento del Futuro en Televisión, S.A. de C.V.; Corporación de Asesoría Técnica y de Producción, S.A. de C.V.; Editorial Mandarina, S.A. de C.V.; Multimedia, Espectáculos y Atracciones, S.A. de C.V.; Servicios Foráneos de Administración, S.A. de C.V.; Servicios Locales De Producción, S.A. de C.V.; Azteca International Corporation; Stations Group, LLC; TV Azteca Honduras, S.A. de C.V; Comercializadora de Televisión de Honduras, S.A. de C.V.; Incotel S.A.; TVA Guatemala S.A; Lasimex, S.A. de C.V.; TV Azteca Global, S.L.U.; Azteca Comunicaciones Perú, S.A.C.; Redes Opticas, S.A.C; Televisora del Valle de México, S.A. de C.V. The location of the Debtors' corporate headquarters is Periférico Sur 4121, colonia Fuentes del Pedregal, alcaldía Tlalpan, C.P. 14140, Ciudad de México, México.

the dispute resolution group in 2002 where, as of then, I led a team of attorneys in that practice area which included the Santamarina y Steta's office in Monterrey, Mexico.

3. Prior to my joining Santamarina y Steta, I participated in dispute resolution matters for a boutique firm (1990-1993) while I finished my law degree, a common practice in Mexico. I thus have more than 30 years of experience in dispute resolution matters and broad experience in counselling major domestic and foreign companies in arbitration proceedings held in Mexico and abroad involving civil, commercial, construction, and insurance law, among other areas. I have also successfully litigated matters related to dealership agreements abroad and several arbitrations related to conflicts among shareholders, energy, joint ventures, software licenses and insurance. In addition, I have participated in numerous judicial proceedings related to contentious bankruptcy mandates.

4. I am a member of the Consultation Committee of the Arbitration Commission of the CANACO and the Arbitration Commission of the International Chamber of Commerce.

5. Although Spanish is my native language, I am fluent in English and I have elected to execute and submit this declaration in English.

6. A copy of my resume is attached as **Exhibit 1**.

7. I have been retained by The Bank of New York Mellon (the "Indenture Trustee") under the indenture dated as of August 9, 2017 (the "Indenture") as special litigation counsel in Mexico pursuant to the direction of a majority of holders of the 8.250% Senior Notes due 2024 (the "Notes" and the holders thereof, the "Noteholders") issued by TV Azteca, S.A.B. de C.V. ("TV Azteca"). Specifically, I have been retained as special counsel to the Indenture Trustee in connection with legal actions in Mexico related to the Notes.

2

8. In order to render my professional services and this declaration I have reviewed *(i)* the Indenture; *(ii)* the complaint filed on September 22, 2022 by TV Azteca in Mexico (the "Complaint") in the Superior Court of Justice of Mexico City seeking declaratory and injunctive relief to excuse the missed interest payments and to prevent any efforts by the Noteholders to collect either principal or interest under the Indenture; *(iii)* the injunction issued on September 27, 2022 by the Superior Court of Justice of Mexico City (the "Injunction") seeking a *status-quo* of the Indenture granting the requested relief and, among other things, ordering a stoppage of payments under the Notes, prohibiting any proceedings to enforce the Notes, and deeming the acceleration notices issued by the Indenture Trustee ineffective until the World Health Organization ("WHO") decrees the end of the COVID-19 pandemic; and *(iv)* the letter rogatory by which the Indenture Trustee was served with notice of the Complaint and the Injunction, in February 2023.

I. **The Mexican Litigation.**

A. **Complaint**

9. On September 22, 2022, TV Azteca filed a lawsuit in Mexico, *inter-alia* against The Bank of New York Mellon as Indenture Trustee, The Bank of New York Mellon, London Branch as Paying Agent and certain Noteholders such as Cyrus 1740 Master Fund, L.P.; Canary Master Fund, L.P.; Cyrus Opportunities Master Fund 11, LTD; Crescent 1, L.P.; Crs Master Fund L.P.; Cyrus Select Opportunities Master Fund, L TO; Cyrus Select Opportunities Master Fund 11 L.P.; PC Investors 111, LLC; Peterson Capital Investors, LLC, *et al*.

10. The Complaint is being processed by the sixty-third local court of the Superior Court of Justice of Mexico City, under the case number 955/2022.

3

11.     My understanding is that none of the defendants to the Complaint have been served through letters rogatory yet, except for the Indenture Trustee who I understand, was served through a letter rogatory delivered on February 21, 2023. In addition, I understand that neither the Indenture Trustee nor, on information and belief, the other defendants had any knowledge of the Complaint or Injunction until approximately February of 2023, when the Indenture Trustee was served.

12.     The Complaint asserts, among other things, that the outbreak of the COVID-19 pandemic and subsequent related orders by the Mexican government represented "Acts of God and Force Majeure events" that rendered TV Azteca's performance under the Indenture impossible from the date the World Health Organization declared the COVID-19 outbreak a pandemic—March 11, 2020—until the present day. The Complaint also asserts various arguments including that the acceleration notices delivered to TV Azteca pursuant to and in accordance with the terms of the Indenture were improper.

13.     The Complaint sought, fundamentally, the following relief: *(i)* a court decree that Acts of God and force majeure events took place, caused by the SARS-CoV2 virus (COVID-19) outbreak pandemic; *(ii)* a court decree that Acts of God or force majeure events took place and prevented TV Azteca from performing their obligations arising from the Indenture by virtue of the COVID-19 pandemic; *(iii)* a court decree that acts of God or force majeure events took place and prevented TV Azteca from performing their obligations arising from the Indenture, specifically due to the fact that TV Azteca operated in the private sector (telecommunications and media) that continued working during the health emergency; *(iv)* as a result of the remedies sought above, to decree it a legal impossibility to perform the obligations assumed under the Indenture until the COVID-19 pandemic is declared to be over; *(v)* a court decree that TV Azteca did not fail to

4

perform any of its contractual obligations under the Indenture; *(vi)* a court order by which the creditors are urged to restructure the debt in a similar scenario as outlined in the section called "Mexican Restructuring" of the Complaint in the amount of USD $400,000,000 as principal plus accrued interests; *(vii)* a court order declaring the acceleration of the Notes legally ineffective; *(viii)* a court order to pass judgment upon the executed restructuring agreement; and *(ix)* payment of judicial costs. Attached as **Exhibit 2** is an English copy of the Complaint received by the Indenture Trustee.

14. The Indenture Trustee has to file a response to the Complaint by April 20, 2023 otherwise they will be deemed as accepting the factual statements of the Complaint.

**B. Injunction**

15. On September 27, 2022, the Superior Court of Justice of Mexico City issued the Injunction to "keep the current factual situation" by, among other things, purporting to block payment on the Notes, prohibiting any proceedings to enforce the Notes, and deeming the acceleration notices delivered to TV Azteca pursuant to and in accordance with the terms of the Indenture ineffective until the WHO decrees the end of the COVID-19 pandemic.

16. Neither the Indenture Trustee nor any of the other Defendants had the opportunity to contest the entry of the Injunction.

17. The Injunction states that the local court has the authority to issue precautionary measures to protect the interests and rights of the parties. The request for precautionary measures is intended to ensure the effectiveness of the judgment that will be rendered at the end of the proceeding. Pursuant to the injunction, if it stands, TV Azteca would appear to temporarily be under no obligation to pay the principal or interest on the Notes because a "force majeure" event

5

took place. The Injunction is, in theory, temporary because it will be lifted when the WHO declares the COVID-19 pandemic over or if TV Azteca does not prevail in the merits of the case.

18. Attached as **Exhibit 3** is an English copy of the Injunction received by the Indenture Trustee.

### C. Amparo

19. On March 15, 2023, my firm, representing the Indenture Trustee, filed an Amparo (the "Amparo") (a constitutional remedy available under Mexican law) against the Injunction.

20. An Amparo is a relief available before Federal Mexican courts to seek protection from acts that violate fundamental constitutional rights.

21. The Amparo explained that the Injunction violates the Constitution of Mexico by depriving the Indenture Trustee of their fundamental rights to due process. First, the precautionary measures granted through the Injunction are not recognized under Mexican law. Second, the Indenture Trustee should have been granted the opportunity to defend itself against the precautionary measures before the Court decided them, *i.e.*, the Injunction should not have been granted on an *ex-parte* basis. Finally, there is no legal provision under Mexican law that authorizes any authority to prohibit the filing of a judicial proceeding seeking payment. Attached as **Exhibit 4** is a copy of the Amparo that my office translated into English.

22. On March 23, 2023, the Amparo was dismissed without prejudice because the Federal Court asked the Indenture Trustee to exhaust local remedies (a local appeal before the Supreme Court of Mexico, City) prior to resorting to the Federal system.

23. The Indenture Trustee has until March 30, 2023 to challenge the dismissal of the Amparo.

**D. Appeal of Injunction.**

24. The Indenture Trustee may also submit an appeal against the Injunction which is a local remedy that will be processed by a local Appeal Court who has the authority to dismiss the Injunction.

25. The Indenture Trustee must file the appeal by March 31, 2023.

Executed this 27th day of March, 2023.

By: __/s/ *Fernando Del Castillo Elorza*_____
Fernando Del Castillo Elorza