Robert S. Friedman, Esq.
Michael T. Driscoll, Esq.
**SHEPPARD MULLIN RICHTER &
HAMPTON LLP**
30 Rockefeller Plaza
New York, NY 10112
Tel: (212) 653-8700
Fax: (212) 653-8701
E-mail: rfriedman@sheppardmullin.com
         mdriscoll@sheppardmullin.com

*Counsel for Diamond Films Netherlands Coöperatief U.A.*

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| In re | : | Chapter 11 |
| TV AZTECA, S.A.B. de C.V., et. al.,[1] | : | Case No. 23-10385 (LGB) |
| Alleged Debtors. | : | (Jointly Administered) |

**RESPONSE OF DIAMOND FILMS NETHERLANDS COÖPERATIEF U.A.
TO JOINT MOTION OF THE BANK OF NEW YORK MELLON AND THE
PETITIONING CREDITORS FOR ENTRY OF AN ORDER (I)
AFFIRMING THE APPLICABILITY OF AND ENFORCING THE
AUTOMATIC STAY, OR IN THE ALTERNATIVE, (II) GRANTING LIMITED
<u>RELIEF FROM THE AUTOMATIC STAY PURSUANT TO 11 U.S.C. 362</u>**

---

[1] The Debtors in these cases are TV Azteca, S.A.B. de C.V.; Alta Empresa, S.A. de C.V.; Asesoría Especializada En Aviación, S.A. de C.V.; Equipo de Futbol Mazatlan, S.A. de C.V.; Producciones Dopamina, S.A. de C.V.; Azteca Records, S.A. de C.V.; Ganador Azteca, S.A.P.I. de C.V.; Operadora Mexicana De Televisión, S.A. de C.V.; Azteca Sports Rights LLC; Producciones Azteca Digital, S.A. de C.V.; Producciones Especializadas, S.A. de C.V.; Productora De Televisión Regional De Tv Azteca, S.A. de C.V.; Promotora de Futbol Rojinegros, S.A. de C.V.; Mazatlan Promotora de Futbol, S.A. de C.V.; Publicidad Especializada en Medios de Comunicación de TV Azteca, S.A. de C.V.; S.C.I. de México, S.A. de C.V.; Servicios Aéreos Noticiosos, S.A. de C.V.; Servicios Especializados Taz, S.A. de C.V.; Servicios y Mantenimiento del Futuro en Televisión, S.A. de C.V.; Corporación de Asesoría Técnica y de Producción, S.A. de C.V.; Editorial Mandarina, S.A. de C.V.; Multimedia, Espectáculos y Atracciones, S.A. de C.V.; Servicios Foráneos de Administración, S.A. de C.V.; Servicios Locales De Producción, S.A. de C.V.; Azteca International Corporation; Stations Group, LLC; TV Azteca Honduras, S.A. de C.V; Comercializadora de Televisión de Honduras, S.A. de C.V.; Incotel S.A.; TVA Guatemala S.A; Lasimex, S.A. de C.V.; TV Azteca Global, S.L.U.; Azteca Comunicaciones Perú, S.A.C.; Redes Opticas, S.A.C; Televisora del Valle de México, S.A. de C.V. The location of the Debtors' corporate headquarters is Periférico Sur 4121, colonia Fuentes del Pedregal, alcaldía Tlalpan, C.P. 14140, Ciudad de México, México.

Diamond Films Netherlands Coöperatief U.A. ("Diamond"), by its undersigned attorneys, hereby submits this response (the "Response") to the *Joint Motion of the Bank of New York Mellon and the Petitioning Creditors for Entry of an Order (I) Affirming the Applicability of and Enforcing the Automatic Stay, or in the Alternative, (II) Granting Limited Relief from the Automatic Stay Pursuant to 11 U.S.C. 362* (ECF No. 9) (the "Stay Motion"). In support of the Response, Diamond respectfully submits the *Declaration of Katherine Anne Boy Skipsey* (the "Boy Skipsey Declaration"), which is attached hereto as Exhibit A. In further support of the Response, Diamond respectfully states as follows:

## PRELIMINARY STATEMENT

1. After breaching its contractual obligations, playing a two-year cat-and-mouse game to try to evade service of process in the United States and Mexico[2], and losing[3], debtor TV Azteca, S.A.B. de C.V. ("TV Azteca") a multi-billion dollar global conglomerate and one of the

---

[2] Like a playbook, TV Azteca is apparently using the same legal machinations to avoid United States Courts' jurisdiction over it in another litigation pending before the Southern District of New York, captioned *The Bank of New York Mellon v. TV Azteca, S.A.B. De C.V. et al* (nysd-1:2022-cv-08164) (the "Mellon Action"), and the *In re Tv Azteca, S.A.B. de C.V., at al.*, (23-10385 (LGB) before this Court (the "Bankruptcy Case"), as well as its contractual obligations pursuant to both lawsuits that it has used against Diamond in a breach of contract case before the New York State Supreme Court (the "State Court") captioned *Diamond Films Netherlands Coöperatief U.A. v. TV Azteca, S.A.B. de C.V.*, Index No. 655384/2020 (the "State Court Action"). Despite having agreed to a New York forum-selection clause in the contract between Diamond and TV Azteca and being properly served in the United States *and* Mexico, under the parties' contract and the Hague Convention, respectively, TV Azteca has engaged in a three-year mission to evade the New York Court's jurisdiction over it at all costs. Instead of appearing before the New York Court to litigate the merits of the breach of contract claim, TV Azteca has hid in Mexico and filed no fewer than three (baseless) legal proceedings there to collaterally attack the validity of the parties' contract and Diamond's service in order to avoid its payment obligations to Diamond. Just like in the Mellon Action, TV Azteca sought a preliminary injunction in Mexico to prevent Diamond from seeking any remedies under the parties' contract until the *Mexican* courts decide on the validity of the contract. This is not the first time TV Azteca uses these mechanisms to avoid a court's jurisdiction in the United States. *See TV Azteca, S.A.B. de C.V. v. Ruiz*, No. 13-12-00430-CV, 2014 WL 1788684, at *1 (Tex. App. Apr. 30, 2014) (asserting virtually the same arguments it asserted against Diamond to claim lack of service.)

[3] Despite TV Azteca's efforts to evade service in Mexico, the State Court (1) found that, pursuant to the Hague Convention and the Certificate of Service issued by the relevant Mexican court and central authority, Diamond's service in Mexico was valid; and (2) granted the Judgment, due to TV Azteca's failure to timely appear in the State Action. *See* Exhibit 1 – Default Judgment Order, dated February 23, 2022, attached to the Declaration of Katherine Anne Boy Skipsey, Diamond's attorney at Sheppard Mullin, executed on March 29, 2023 (the "Boy Skipsey Decl.") ¶ 3; *see also* Boy Skipsey Decl. ¶ 4, Ex. 2 – Diamond's Default Judgment Motion, dated December 30, 2021.

largest mass media companies in Latin America—has also spent the last year evading its payment obligations under the approximately $25 million default judgement entered against it in the New York State Supreme Court (the "<u>Judgment</u>"). To recover the money TV Azteca owes Diamond, Diamond has been forced, at extraordinary expense, to chase down TV Azteca's business counterparties in the United States for months and serve them with restraining notices to ensure that TV Azteca does not move the few assets it has in the United States to Mexico, where they essentially cannot be reached by creditors in the United States

2. Diamond has successfully restrained approximately $1.5 million thus far, pursuant to seven restraining notices (the "<u>Restraining Notices</u>"). This money is currently being held by the respective seven garnishees (the "<u>Garnishees</u>").

3. In light of TV Azteca's past misconduct and the potential for the funds to permanently leave the United States, Diamond agrees that the relief sought in the Stay Motion is appropriate. However, Diamond believes the proposed order should be revised to clarify that the Restraining Notices are valid and in effect as of the Petition Date, and that the Garnishees shall continue to hold the funds in their possession or control until a further order of the Court.[4] Alternatively, if the court denies the worldwide injunction sought in the Stay Motion, Diamond requests that it should also receive stay relief to participate and defend itself in the Mexican legal proceedings TV Azteca has brought against Diamond.

4. ***To be absolutely clear, Diamond's proposed modifications to the proposed order do not seek to collect any of the money it has restrained thus far, or even to issue new restraining notices***. Diamond is simply asking the Court to modify the proposed order to

---

[4] Further, should the Court grant the relief requested in the Stay Motion, Diamond reserves the right to seek relief of such stay in order to defend itself or otherwise participate in all necessary legal proceedings in Mexico until the worldwide stay is recognized there.

confirm that the Restraining Notices continue to be effective in order to maintain the status quo and preserve TV Azteca's assets in the United States, and prevent the dissipation of assets to Mexico

5. Indeed, the purpose of an involuntary chapter 11 bankruptcy against a corporate debtor, such as TV Azteca, is to maintain the status quo and protect the estate's assets. Courts in the Southern District of New York have clearly found so. If left to its own devices, history has shown that TV Azteca will take advantage of the automatic stay to abscond and conceal its assets so that its creditors will be left with nothing. Similarly, the purpose of the automatic stay is to prevent such a disastrous result. This Court can prevent the depletion of the bankruptcy estate by simply confirming that, in this case—an unusual chapter 11 involuntary bankruptcy proceeding involving a multi-billion dollar foreign entity that has actively evaded U.S. courts' jurisdiction over it for years—the status quo necessarily requires the Restraining Notices to be kept in effect as of the Petition Date, notwithstanding the Bankruptcy Case.

6. In this case, maintaining the status quo, keeping the Restraining Notices in place, and protecting the estate are one and the same. Accordingly, Diamond respectfully requests that the additional clarification language discussed herein be added to the proposed order for the Stay Motion in order to maintain the status quo.

## BACKGROUND

**A.   Diamond Commences the State Court Action Against TV Azteca**

7. On October 16, 2020, as a result of TV Azteca's breach of the parties' contract (the "Renegotiation Agreement"), under which Diamond agreed to license certain motions pictures to TV Azteca in exchange for payment, Diamond commenced the State Action. *See* Boy Skipsey Decl. ¶ 5, Ex. 3 – Complaint, dated October 16, 2020.

8. Despite proper service under the Renegotiation Agreement and the Hague Convention, TV Azteca failed to timely appear before the State Court to either answer the Complaint or dispute the service of process and the State Court's jurisdiction. *See* Boy Skipsey Decl. ¶ 3, Ex. 1 – Default Judgment Order.

9. TV Azteca already had moved (since August 2020) for a preliminary injunction in Mexico to prevent Diamond from seeking any remedies under the Renegotiation Agreement until the Mexican courts decide on the validity of the contract. *See* Boy Skipsey Decl. ¶ 6, Ex. 4 – Mexican Preliminary Injunction Order against Diamond, dated August 17, 2020.

10. Only after Diamond filed a Default Judgment Motion on December 30, 2021 did TV Azteca belatedly appear in the State Court Action on January 11, 2022 to oppose the Default Judgment Motion and file a Motion to Dismiss pursuant to New York Civil Practice Law and Rules ("CPLR") § 3211(a)(8) for lack of service of process on TV Azteca in the State Court Action. *See* Boy Skipsey Decl. ¶ 7, Ex. 5 – TV Azteca's Notice of Motion to Dismiss Diamond's Default Judgment Motion, dated January 11, 2022.

11. On February 23, 2022, the Court issued an Order granting Diamond's Default Judgment Motion and denying TV Azteca's Motion to Dismiss. *See* Boy Skipsey Decl. ¶ 3, Ex. 1 – Default Judgment Order. On June 24, 2022, the Court entered the Judgment. *Id.* The Judgment was recorded in the Office of the County Clerk of New York County on June 23, 2022 at Control No. 004105489 – 01. *Id.*

12. TV Azteca did not appeal the Judgment and has not appealed any of the State Court's other orders, either. *See* Boy Skipsey Decl. ¶ 8.

13. Since July 2022, solely to preserve and maintain TV Azteca's assets, Diamond has issued restraining notices pursuant to CPLR § 5222(b) to certain parties who either owe a debt to

TV Azteca, or are in possession or custody of property in which TV Azteca had an interest. *See* Boy Skipsey Decl. ¶ 9. The restraining notices prohibit the parties from transferring or disposing of such debts owed to TV Azteca or of such property held by the parties in which TV Azteca had an interest except as expressly provided in CPLR § 5222. The total amount restrained thus far, to Diamond's knowledge, amounts to approximately $1.5 million.

14. On August 17, 2022, TV Azteca re-appeared before the State Court to make a Motion for Vacatur of the Judgment and a Temporary Restraining Order (the "TRO") against Diamond's efforts to enforce the Judgment. *See* Boy Skipsey Decl. ¶ 10, Ex. 6 – TV Azteca's Order to Show Cause regarding its Motion to Vacate the Judgment, dated August 17, 2022.

15. On August 24, 2022, the State Court heard oral argument on TV Azteca's TRO, and during such oral argument, the State Court stated that, until the Motion for Vacatur of the Judgment was decided by the State Court, the status quo was to be maintained in the State Court Action, including Diamond's ability to serve the Restraining Notices on the Garnishees. *See* Boy Skipsey Decl. ¶ 11, Ex. 7 – Transcript of the Oral Argument on Azteca's Motion to Vacate the Judgment, dated August 24, 2022.

16. The State Court denied TV Azteca's TRO request, held oral argument on September 27, 2022 on the Motion to Vacate the Judgment, and reserved decision. *See* Boy Skipsey Decl. ¶ 12, Ex. 8 – Transcript of the Oral Argument on Azteca's Motion to Vacate the Judgment, dated September 27, 2022. The State Court has not yet issued a decision on the Motion to Vacate the Judgment. *See* Boy Skipsey Decl. ¶ 13.

B.    **The Involuntary Chapter 11 Bankruptcy Filing**

17. On March 20, 2023 (the "Petition Date"), Plenisfer Investments SICAV - Destination Value Total Return, Cyrus Opportunities Master Fund II, Ltd., and Sandpiper Limited (collectively, the "Petitioning Creditors") filed an involuntary petition (the "Petition")

for relief under chapter 11 of the Bankruptcy Code against TV Azteca, as well as certain of its debtor-affiliates (collectively, the "Bankruptcy Case").

18. On March 27, 2023, the Petitioning Creditors filed the *Statement of the Petitioning Creditors in Support of the Involuntary Chapter 11 Petitions Against TV Azteca and its Debtor Affiliates* [ECF No. 8] (the "Petitioning Creditors' Statement").

19. Among other allegations, the Petitioning Creditors' Statement alleges that, even though it avoided making payments owed to the Petitioning Creditors, as well as other bondholders, "TV Azteca continued to make selective payments to other, local creditors during this time." *See* Petitioning Creditors' Statement, ¶ 14. Additionally, the Petitioning Creditors' Statement provides that "[a]t no point was any effort made to repay the Noteholders or pay any portions of the Missed Interest Payments, let alone any principal amount." *See id.* at ¶ 15.

20. The Petitioning Creditors' Statement further alleges that, "[u]pon information and belief funds from the Debtors, that would otherwise be available to satisfy the Noteholders' claims, have been specifically transferred to this trust for the express purpose of frustrating potential recovery." *See id.* at ¶ 17.

21. Also on March 27, 2023, the Petitioning Creditors and the Bank of New York Mellon (the "Indenture Trustee") filed the Stay Motion [ECF No. 9.]

22. The Stay Motion provided that "prior to the order for relief being entered in these Chapter 11 Cases, it is essential that the Debtors' stakeholders have the comfort that…the status quo will be maintained." *See* Stay Motion, ¶ 29.

23. Moreover, the Stay Motion states that "[t]he automatic stay should operate to maintain the status quo for the benefit of the Debtors and their stakeholders." *See* Stay Motion, ¶ 35.

**RESPONSE**

A. **Diamond Agrees with the Petitioning Creditors and the Indenture Trustee That the Status Quo Must be Maintained, and to Preserve the Status Quo, This Court Should Confirm That the Restraining Notices are Still Valid and Effective as of the Petition Date Notwithstanding the Bankruptcy Case**

24. Diamond agrees with the Petitioning Creditors and the Indenture Trustee that "[t]he automatic stay should operate to maintain the status quo for the benefit of the Debtors and their stakeholders." *See* Stay Motion, ¶ 35. Through this Response, Diamond merely submits that, to ensure the seamless operation of the automatic stay and the preservation of the status quo in the Bankruptcy Case, confirmation that the pre-petition Restraining Notices are valid and in effect as of the Petition Date notwithstanding the Bankruptcy Case is absolutely essential.[5]

25. Notably, the Restraining Notices prohibit the Garnishees from transferring or disposing of potential property of TV Azteca's estate, and they prevent TV Azteca from accessing the property being held by the Garnishees and either concealing such property or siphoning it away from the reach of creditors—a game of cat-and-mouse and machinations that Diamond, the Petitioning Creditors, and the Indenture Trustee know all too well from TV Azteca. Therefore, because they serve as a line of defense against TV Azteca's prejudicial conduct, the Restraining Notices prevent the dismemberment of TV Azteca's bankruptcy estate during the pendency of the Bankruptcy Case, which, as the Supreme Court has found, is the purpose of the automatic stay in a bankruptcy proceeding. *See Ritzen Gr., Inc. v. Jackson Masonry*, LLC, 140 S.Ct. 582, 589 (2020) ("The stay serves to maintain the status quo and prevent dismemberment of the estate during the pendency of the bankruptcy case"); *see also In*

---

[5] For the avoidance of doubt, Diamond is not taking any action in connection with the Restraining Notices, including seeking a turnover of funds held by the Garnishees or otherwise collecting on the Judgment through this Response. Rather, Diamond is merely seeking to maintain the status quo and preserve TV Azteca's assets for the benefit of the estate – a request that puts no party, including TV Azteca, the Petitioning Creditors or the Indenture Trustee, in a worse position than it was upon the filing of the Petition.

*re Policy Realty Corp.*, 242 B.R. 121, 129 (S.D.N.Y. 1999) ("It is well established that the automatic stay provision of § 362(a) is intended to preserve the status quo as of the date of commencement of bankruptcy proceedings").

26. In addition to the Petitioning Creditors and the Indenture Trustee's statements in support of maintaining the status quo in the Bankruptcy Case, this District's precedent for involuntary chapter 11 cases against a corporate debtor clearly provides that the purpose of the automatic stay in an involuntary chapter 11 bankruptcy against a corporate debtor is to maintain the status quo upon the filing of such involuntary chapter 11 petition. *See, e.g.*, *In re Filex, Inc.*, 116 B.R. 37, 41 (Bankr. S.D.N.Y. 1990); *see also Creatore v. Girton, Oakes & Burger, Inc.*, No. 4:09–CV–2926, 2010 WL 3672229, at *6 (N.D. Ohio Sep. 10, 2010) (finding that an automatic stay becomes operative when an involuntary petition is filed under section 303, and that the purpose of this automatic stay is to preserve the status quo of the bankruptcy estate). Thus, in following this District's precedent for involuntary chapter 11 cases against a corporate debtor, as well as in keeping with the intent and purpose of the automatic stay in an involuntary chapter 11 case against a corporate debtor as set forth by courts in this District, the Restraining Notices must remain in full force and effect as of the Petition Date to ensure that the status quo is maintained for the benefit of the estate.

27. In fact, if the Restraining Notices were deemed to be invalid or not in effect, the estate would likely be totally dismembered and taken apart, and the creditors of TV Azteca would be permanently harmed and prejudiced and left with nothing. Such a result is not the intent or the purpose of the automatic stay, which is intended to preserve the property of a debtor's estate for the benefit of not only such debtor, but also all the creditors. *See In re Prudential Lines Inc.*, 928 F.2d 565, 573 (2d Cir.1991) ("One of the principal purposes of the

automatic stay is to preserve the property of the debtor's estate for the benefit of all the creditors"); *see also In re Manley Toys Ltd.*, No. 18-2923, 2019 WL 3229301, at *6 (D.N.J. Jul. 18, 2019) (finding that the automatic stay exists for the benefit of debtors and creditors alike); *In re Thomas*, No. 06–22557, 2007 WL 1655669, at *9 (Bankr. S.D.N.Y. Jun 4, 2007) ("It is important to emphasize that the automatic stay is intended for the protection not only of the debtor, but for the benefit of all creditors as well").

**B.    To the Extent That Any of the Garnishees Have Already Released Restrained Funds, Such Funds Must Be Returned to the Garnishees to Hold Until Further Order From the Court**

28.    Section 303(f) provides that, "*except to the extent that the court orders otherwise*, and until an order for relief in the case, any business of the debtor may continue to operate, and the debtor may continue to use, acquire, or dispose of property as if an involuntary case concerning the debtor had not been commenced." *See* 11 U.S.C. § 303(f) (emphasis added).

29.    But, as described above, as well as in the Stay Motion, there is ample evidence in this case to show that TV Azteca should not be able obtain control of the funds held by third party garnishees because of the imminent risk that TV Azteca will likely abscond with assets or conceal assets to the severe detriment of its creditors, including Diamond. For example, despite the Judgment that was entered and reordered more than nine months ago, TV Azteca has intentionally evaded fulfilling its obligations under the Judgment, through its meritless filings in the State Court Action, as well as the multiple unfounded, collateral attacks TV Azteca maintains against Diamond in Mexico.

30.    Moreover, along with its evasive conduct in connection with multiple litigations faced by TV Azteca in the United States, the Mexican government has accused TV Azteca of owing more than $2.6 billion pesos in taxes, and a recent court ruling has ordered TV Azteca to

pay its debt to the Mexican government. *See* Reuters, Mexico's TV Azteca to Appeal Second Ruling on Tax Dispute (August 11, 2022), https://www.reuters.com/business/media-telecom/mexicos-tv-azteca-appeal-second-ruling-tax-dispute-bill-2022-08-11/.

31.     Accordingly, based on the abundant evidence of TV Azteca's harmful conduct and the significant risk of prejudice to creditors, it is clear that any protections afforded to TV Azteca by section 303(f) must be limited so that, to the extent any funds held by the Garnishees have already been released or transferred to TV Azteca, such funds should be returned by TV Azteca to the Garnishees to hold until further order from this Court.

32.     Section 303(f) provides a remedy for Diamond, as well all creditors, against any adverse actions on the part of TV Azteca during the period preceding the order for relief in an involuntary bankruptcy case, and this Court must balance the interests of TV Azteca with those of the creditors by ensuring that, at a minimum, any funds released or transferred to TV Azteca from any of the Garnishees are returned to such Garnishees to hold until further order from the Court.

## C.    Diamond Requests Additional Protective Language in the Proposed Order to Maintain the Status Quo

33.     In order to alleviate the above concerns and to maintain the status quo, Diamond respectfully requests that the any order entered by this Court granting the Stay Motion include the following language:

> The pre-petition Restraining Notices are valid and in effect as of the Petition Date, notwithstanding the involuntary chapter 11 petitions filed against the Debtors. Any funds held by Garnishees pursuant to Restraining Notices shall remain with such Garnishees, and not be released to the Debtors until further order of the Court.
>
> To the extent that any of the Garnishees have released restrained funds on or after the Petition Date to TV Azteca, or its affiliates, such funds shall be returned by TV Azteca, or its affiliates, to the

respective Garnishee to be held and restrained until further order of the Court.

34. Alternatively, in the event that this Court declines to enter the proposed order affirming the applicability of the worldwide automatic stay requested by the Indenture Trustee and the Petitioning Creditors, and as requested to be modified by Diamond, Diamond requests an order modifying the automatic stay to allow Diamond to defend itself or otherwise participate in all necessary legal proceedings in Mexico against TV Azteca's collateral attacks.

### **RESERVATION OF RIGHTS**

35. Diamond reserves the right to amend, modify, or supplement this Response in all respects and to make additional arguments at the hearing held to consider the relief requested in the Stay Motion and the Response. Further, should the Court grant the relief requested in the Stay Motion, Diamond reserves the right to seek relief of such stay in order to defend itself or otherwise participate in all necessary legal proceedings in Mexico until the worldwide stay is recognized there. Diamond further reserves the right to object to, *inter alia*, (i) venue in this Court, (ii) jurisdiction, and (iii) the validity and/or appropriateness of the Petition. Nothing herein constitutes a waiver of Diamond's rights or remedies.

Date:   March 29, 2023
        New York, New York

                             Respectfully submitted,

                             **SHEPPARD MULLIN RICHTER & HAMPTON LLP**

                             By: */s/ Michael T. Driscoll*
                             Robert S. Friedman, Esq.
                             Michael T. Driscoll, Esq.
                             Benjamin O. Gilbert, Esq.
                             Katherine Anne Boy Skipsey, Esq.
                             30 Rockefeller Plaza
                             New York, NY 10112
                             Tel: (212) 653-8700
                             Fax: (212) 653-8701
                             E-mail: rfriedman@sheppardmullin.com
                                          mdriscoll@sheppardmullin.com
                                          BoGilbert@sheppardmullin.com
                                          kboyskipsey@sheppardmullin.com

                             *Counsel for Diamond Films Netherlands Coöperatief U.A.*