Jay Cohen
Elizabeth R. McColm
William A. Clareman
Sean A. Mitchell
**PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP**
1285 Avenue of the Americas
New York, NY 10019
Telephone: (212) 373-3000
Facsimile: (212) 757-3990

*Counsel to the Alleged Debtors*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 11 |
| TV Azteca, S.A.B. de C.V., *et al.*,[1] | Case No. 23-10385 (LGB) |
| Alleged Debtors. | (Joint Administration Requested) |

**THE ALLEGED DEBTORS' RESPONSE TO (A) THE JOINT MOTION OF THE BANK OF NEW YORK MELLON AND THE PETITIONING CREDITORS FOR ENTRY OF AN ORDER (I) AFFIRMING THE APPLICABILITY OF AND ENFORCING THE AUTOMATIC STAY, OR, IN THE ALTERNATIVE, (II) GRANTING LIMITED RELIEF FROM THE AUTOMATIC STAY PURSUANT TO 11 U.S.C. § 362 AND (B) THE BANK OF NEW YORK MELLON AND PETITIONING CREDITORS' JOINT MOTION TO SCHEDULE AN EXPEDITED HEARING AND SHORTEN THE NOTICE PERIOD OF THE JOINT MOTION OF THE BANK OF NEW YORK MELLON**

---

[1] The Alleged Debtors in these cases are TV Azteca, S.A.B. de C.V.; Alta Empresa, S.A. de C.V.; Asesoría Especializada En Aviación, S.A. de C.V.; Equipo de Futbol Mazatlan, S.A. de C.V.; Producciones Dopamina, S.A. de C.V.; Azteca Records, S.A. de C.V.; Ganador Azteca, S.A.P.I. de C.V.; Operadora Mexicana De Televisión, S.A. de C.V.; Azteca Sports Rights LLC; Producciones Azteca Digital, S.A. de C.V.; Producciones Especializadas, S.A. de C.V.; Productora De Televisión Regional De Tv Azteca, S.A. de C.V.; Promotora de Futbol Rojinegros, S.A. de C.V.; Mazatlan Promotora de Futbol, S.A. de C.V.; Publicidad Especializada en Medios de Comunicación de TV Azteca, S.A. de C.V.; S.C.I. de México, S.A. de C.V.; Servicios Aéreos Noticiosos, S.A. de C.V.; Servicios Especializados Taz, S.A. de C.V.; Servicios y Mantenimiento del Futuro en Televisión, S.A. de C.V.; Corporación de Asesoría Técnica y de Producción, S.A. de C.V.; Editorial Mandarina, S.A. de C.V.; Multimedia, Espectáculos y Atracciones, S.A. de C.V.; Servicios Foráneos de Administración, S.A. de C.V.; Servicios Locales De Producción, S.A. de C.V.; Azteca International Corporation; Stations Group, LLC; TV Azteca Honduras, S.A. de C.V; Comercializadora de Televisión de Honduras, S.A. de C.V.; Incotel S.A.; TVA Guatemala S.A; Lasimex, S.A. de C.V.; TV Azteca Global, S.L.U.; Azteca Comunicaciones Perú, S.A.C.; Redes Opticas, S.A.C; Televisora del Valle de México, S.A. de C.V. The location of the Debtors' corporate headquarters is Periférico Sur 4121, colonia Fuentes del Pedregal, alcaldía Tlalpan, C.P. 14140, Ciudad de México, México.

**AND THE PETITIONING CREDITORS FOR ENTRY OF AN ORDER
GRANTING RELIEF FROM THE AUTOMATIC STAY**

TV Azteca, S.A.B. de C.V. and its alleged debtor affiliates (collectively, the "Alleged Debtors") in the above-captioned case, hereby submit this response (the "Response") to the *Joint Motion of The Bank of New York Mellon and the Petitioning Creditors for Entry of an Order (I) Affirming the Applicability of and Enforcing the Automatic Stay, or, in the Alternative, (II) Granting Limited Relief from the Automatic Stay Pursuant to 11 U.S.C. 362* [Docket No. 9] (the "Automatic Stay Relief Motion") and *The Bank of New York Mellon and Petitioning Creditors' Joint Motion to Schedule an Expedited Hearing and Shorten the Notice Period of the Joint Motion of The Bank of New York Mellon and the Petitioning Creditors for Entry of an Order (I) Affirming the Applicability of and Enforcing the Worldwide Automatic Stay, or, in the Alternative, (II) Granting Limited Relief from the Automatic Stay Pursuant to 11 U.S.C. 362* [Docket No. 10] (the "Scheduling Motion," and together with the Automatic Stay Relief Motion, the "Motions") and respectfully state as follows:

**PRELIMINARY STATEMENT**

1. This case does not belong in this Court because there is no real possibility that the Alleged Debtors can be reorganized here. As the Petitioning Creditors[2] are well aware, TV Azteca, S.A.B. de C.V. ("TVA") is a Mexican business that creates Spanish-language television content primarily in Mexico, and operates television networks that broadcast in Mexico. It has thousands of employees who are overwhelmingly located in Mexico; the vast majority of its revenues come from Mexico; and its business is dependent on licenses issued by the Mexican government to broadcast television on the air in Mexico. It does not operate a television network in the United

---

[2] Capitalized terms used by not defined herein shall have the meanings ascribed to them in the Motions.

2

States and, as the Indenture Trustee and the Petitioning Creditors (the "Movants") well know, has no substantial assets here. As a result, under well-established case law, Mexico is the only country that could credibly entertain a restructuring of TVA's business.

2.  The impracticability of a chapter 11 case here, among other infirmities, will be the subject of a motion to dismiss the Involuntary Petitions that will be timely filed by the Alleged Debtors in less than two weeks.[3] This is an unprecedented attempt to compel a foreign company, whose assets and operations are almost entirely outside the United States, to submit to an involuntary reorganization here. Mexican courts cannot be expected to recognize judgments and orders from this Court on these facts, making the case for dismissal pursuant to Section 305 of the Bankruptcy Code and *forum non conveniens* overwhelming—a proceeding here would be futile and contrary to the interests of the Alleged Debtors and their creditors, and an adequate alternative forum exists in Mexico to pursue a restructuring.[4] There is fundamentally no legitimate restructuring purpose motivating these cases; it is instead an attempt by litigation adversaries of TVA to gain tactical advantage in a bilateral dispute.[5] For these and other reasons, the petitions will not proceed and should be dismissed.

---

[3] The Alleged Debtors reserve their rights to contest these Chapter 11 Cases on any ground, including on the basis of lack of personal jurisdiction, or insufficiency of service of process.

[4] *See In re Bd. of Directors of Multicanal S.A.*, 314 B.R. 486, 523 (Bankr. S.D.N.Y. 2004) (holding that "[o]n a motion to dismiss a court must take into account its ability to enforce its orders" and dismissing the chapter 11 case based on the objective futility of administering a reorganization where the debtor "has virtually no property in the United States, as well as no residence, domicile or place of business."); *In re Navient Solutions, LLC*, 625 B.R. 801, 820 (Bankr. S.D.N.Y. 2021); *In re Xacur*, 219 B.R. 956, 969–70 (Bankr. S.D. Tex. 1998) (dismissing on *forum non conveniens* grounds, and finding that Mexico was an adequate and appropriate forum for a bankruptcy case).

[5] *See In re Murray*, 543 B.R. 484, 492 (Bankr. S.D.N.Y. 2016), *aff'd*, 565 B.R. 527 (S.D.N.Y. 2017), *aff'd*, 900 F.3d 53 (2d Cir. 2018) (cause for dismissal may result from circumstances not specifically mentioned in the Code, and noting dismissal is warranted where the bankruptcy court is the "most recent battlefield in a long-standing two party dispute").

3

3. Those issues are not directly before the Court today. What is before the Court is a contrived emergency motion, purportedly occasioned by deadlines later this week to file appeals in Mexican courts and the application of the automatic stay. The Mexican Injunction Litigation, however, was brought by TVA in Mexico and is therefore not subject to the automatic stay. In any event, the Alleged Debtors do not object to entry of a comfort order allowing the Movants to prosecute their appeals in a manner consistent with Mexican law. To the extent the Movants request relief from the automatic stay to prosecute their appeals in Mexico, the Motion is uncontested. The Alleged Debtors consent to their request for relief from the automatic stay, although it does not believe it applies.

4. The further relief requested by the Movants, however, is inappropriate and should be denied. There is no basis to conclude that the automatic stay applies to litigation brought by TVA in Mexico, or that actions taken in such cases or appeal from their rulings would violate the automatic stay. Nor is there any basis to compel the Alleged Debtors to file notices in the Mexican courts regarding the existence of the automatic stay. The Alleged Debtors do not believe a Mexican court would recognize or give effect to such a notice or foreign order, at least in the absence of a recognition proceeding in Mexico (which cannot be obtained), and the Movants have not proffered any evidence from their Mexican law expert or otherwise to support the conclusion that the requested relief is procedurally appropriate under Mexican law or would be recognized or enforced by Mexican courts.

5. For these reasons and others set forth below, the Alleged Debtors respectfully request that the Court enter the proposed form of order filed by the Alleged Debtors contemporaneously herewith, permitting Movants to prosecute their appeals in the Mexican Litigation, and otherwise denying Movants' requested relief.

## BACKGROUND

### A.  The Nonpayment Litigation

6. TVA missed the first interest payment on the Notes in February 2021. The Indenture Trustee (the "<u>Plaintiff</u>") and directing Noteholders brought suit in August 26, 2022—18 months later—against TVA and the guarantors (the "<u>Defendants</u>") under the Indenture for nonpayment on the Notes (the "<u>Nonpayment Litigation</u>") in New York state court, asking that summary judgment be entered immediately under CPLR 3213. (*See Statement of the Petitioning Creditors in Support of the Involuntary Chapter 11 Petitions Against TV Azteca and its Debtor Affiliates* [Docket No. 8 ¶ 22].)

7. Defendants timely and properly removed the Nonpayment Litigation from New York state court to this District on September 23, 2022.[6] The Indenture Trustee's motion for summary judgment and Defendants' cross-motion to compel Plaintiff to file a complaint were briefed on a schedule agreed upon by the parties. Among other things, Defendants argued that, after removal, the Federal Rules of Civil Procedure required Plaintiff to file a complaint before moving for summary judgment.[7] Defendants further disputed Plaintiff's claims against the released Guarantors and Plaintiff's entitlement to a $16.5 million "Redemption Premium," which by the express terms of the Indenture, is solely payable upon TVA's voluntary redemption and repayment of the Notes.[8]

---

[6] *See The Bank of New York Mellon* v. *TV Azteca, S.A.B. de C.V.*, No. 1:22-cv-08164-PGG (S.D.N.Y.), Dkt. No. 1 (Sept. 23, 2022).

[7] *See The Bank of New York Mellon* v. *TV Azteca, S.A.B. de C.V.*, No. 1:22-cv-08164-PGG (S.D.N.Y.), Dkt. No. 9 at 11 (Sept. 30, 2022).

[8] *See id.* at 14-15.

8.  Both motions were fully briefed by October 21, 2022.[9] Indeed, the Indenture Trustee could have mooted Defendants' cross-motion—and thus simplified the Nonpayment Litigation even further—at any time, simply by filing a complaint. It elected not to do so, deciding instead to wait for a decision from Judge Gardephe, to whom the case was assigned when it was removed. On December 13, 2022, Judge Gardephe denied Defendants' request for oral argument and the parties have been waiting for a ruling on the pending motion. At no time did the Indenture Trustee contact the Court to suggest any expedition was required in resolving Defendants' motion, and no decision ever issued.

9.  These Involuntary Petitions were filed on March 20, 2023. The next day, Plaintiff's counsel in the Nonpayment Litigation, the same counsel that represents the Petitioning Creditors in these involuntary Chapter 11 Cases, filed a "Suggestion of Bankruptcy" on the docket of the Nonpayment Litigation, stating that filing the Involuntary Petitions stayed the Nonpayment Litigation commenced by the Indenture Trustee.[10] The only reason the Nonpayment Litigation has now ground to a screeching halt is because the Petitioning Creditors elected to file these Involuntary Petitions staying their case. The Petitioning Creditors chose to take this detour. But for the filing of the Involuntary Petitions, a decision would be forthcoming from Judge Gardephe on the pending motion and cross-motions and—if he agreed with the Indenture Trustee's position—judgment would be entered.

---

[9] *See The Bank of New York Mellon* v. *TV Azteca, S.A.B. de C.V.*, No. 1:22-cv-08164-PGG (S.D.N.Y.), Dkt. Nos. 8-10 (Sept. 30, 2022), 14 (Oct. 14, 2022), 16 (Oct. 21, 2022).

[10] *See The Bank of New York Mellon* v. *TV Azteca, S.A.B. de C.V.*, No. 1:22-cv-08164-PGG (S.D.N.Y.), Dkt. No. 24 (Mar. 21, 2022).

10. After filing the Involuntary Petitions, the Petitioning Creditors waited another seven days before filing these Motions. They filed these Motions just before midnight of March 27, and sought to compel a response less than 36 hours later.

### B. The Mexican Litigation

11. On September 22, 2022, TVA initiated the Mexican Injunction Litigation, which asserts claims related to the enforceability of the Notes under Mexican law. As permitted by Mexican law, the Mexican Injunction Litigation was initiated *ex parte*. On September 27, 2022, the Mexican court granted TVA's requested Precautionary Measures, which started a process for the defendants in the Mexican Injunction Litigation to be served with process. Under Mexican law, service of process is effectuated by officers of the Mexican court. Those judicial officers, not TVA, determined the timing and manner of service on the Indenture Trustee.[11]

12. After being served in the Mexican Injunction Litigation but before filing the Involuntary Petitions, on March 15, 2023, the Indenture Trustee initiated an Amparo against TVA, challenging the Precautionary Measures entered in the Mexican Injunction Litigation under the Mexican constitution. On March 23, 2023, after the Involuntary Petitions had been filed, the Mexican court dismissed the Amparo. The Indenture Trustee's desire to appeal the dismissal of the Amparo is the purported basis for the emergency Motions. As with the Mexican Injunction Litigation, the Amparo was initiated by the Indenture Trustee *ex parte*, and as a result, TVA had no knowledge of the Amparo until the Petitioning Creditors disclosed it in their Motions.

13. The Petitioning Creditors' repeated criticism that TVA filed a "secret lawsuit" in Mexico therefore rings hollow. Both sides before the Court have filed "secret lawsuits" in Mexico,

---

[11] TVA has filed a separate commercial litigation against the Indenture Trustee in Mexico for which service is currently in the process of being effectuated through the appropriate legal procedures.

7

as Mexican law permits. The only difference is that the Petitioning Creditors' secret lawsuit was so defective that the Mexican court dismissed it *sua sponte*, necessitating additional litigation in Mexico and giving rise to the instant Motion.

## ARGUMENT

14. The Movants claim that emergency automatic stay relief is warranted in order for the Indenture Trustee to preserve its appellate rights in the Mexican Injunction Litigation and the Amparo. (Scheduling Mot. ¶ 6.) To achieve this goal, the Movants seek alternative forms of relief: (i) entry of an order of this Court—to be filed in the Mexican Injunction Litigation and the Amparo Litigation—to affirm and enforce the automatic stay in both proceedings (the "Proposed Automatic Stay Order") or (ii) relief from the automatic stay to allow the Indenture Trustee to timely file and prosecute appeals in the two litigations. (Automatic Stay Relief Mot. ¶¶ 30, 35.)

15. To the extent that the Movants seek relief from the automatic stay to pursue their appellate rights, if any, in the Mexican Litigation, the Alleged Debtors consent, and do not oppose the Movants' pursuit of appellate rights in the Mexican Litigation. To that end, the Alleged Debtors have filed contemporaneously herewith a proposed order, attached hereto as **Exhibit A** (the "Proposed Order"), stating that, to the extent the automatic stay applies to the Mexican Litigation, the automatic stay is lifted pursuant to Bankruptcy Code Section 362(d) and Bankruptcy Rule 4001 for the limited purpose of allowing the Indenture Trustee to commence and prosecute appeals in the Mexican Litigation by the applicable deadlines.

16. The Alleged Debtors respectfully request that the Court enter the Proposed Order modifying the automatic stay to allow the Indenture Trustee to timely file and prosecute appeals in the Mexican Litigation.

    A.    **The Movants' Further Requested Relief Should Be Denied.**

17. The further relief that the Movants seek is inappropriate and should be denied.

18. *First*, the Movants argue that the automatic stay applies to the Mexican Injunction Litigation, including the Indenture Trustee's filing and prosecution of any appeals. (Automatic Stay Relief Mot. ¶ 27). This claim is baseless. The automatic stay does not apply to actions brought by the Alleged Debtors since the automatic stay "does not address actions brought by the debtor." *See Verragio, Ltd.* v. *AE Jewelers, Inc.*, No. 15 CIV. 6500 (CM), 2017 WL 1753478, at *2 (S.D.N.Y. Apr. 27, 2017). As such, the automatic stay does not prevent TVA or the Movants from taking action in the Mexican Injunction Litigation to protect their legal rights. *See In re Rogers*, 251 B.R. 626, 629 (Bankr. N.D. Fla. 2000). Courts routinely recognize that defendants in lawsuits initiated by debtor-plaintiffs "should be allowed to defend [themselves] from attack, and '[t]he automatic stay should not tie the hands of a defendant while the plaintiff debtor is given free rein to litigate." *In re Merrick*, 175 B.R. 333, 337 (9th Cir. BAP 1994).[12]

19. *Second*, the Movants fail to provide any basis to compel the Alleged Debtors to file notices in the Mexican courts regarding the existence of the automatic stay, and Movants fail to explain how entry of an order by this Court to be filed in the Mexican Injunction Litigation and the Amparo will have any practical effect. Mexican courts, like those of the United States, have procedures for recognition of foreign court orders, which are not addressed in the Movants' papers or supporting declaration. The Alleged Debtors do not believe that a Mexican court would recognize or give effect to such a notice or order in the absence of a recognition proceeding in Mexico (which the Alleged Debtors do not believe can be obtained). At a minimum, the Movants offer no evidence or caselaw to support the proposition that a stay order filed on the dockets of the Mexican courts would be procedurally appropriate under Mexican law, or be given any effect by

---

[12] *See also In re Fin. News Network Inc.*, 158 B.R. 570, 573 (S.D.N.Y. 1993) (holding that "section 362 mandates a stay only of litigation 'against the debtor' designed to seize or exercise control over the property of the debtor [but] it does not prevent entities against whom the debtor proceeds in an offensive posture—for example, by initiating a judicial or adversarial proceeding—from 'protecting their legal rights.'").

9

Mexican courts. Notably, Movants have not filed a suggestion of bankruptcy in these proceedings, in contrast to their actions in the Nonpayment Litigation.

> **B.    In the Alternative, the Court Should Make Certain Modifications to the Proposed Stay Order.**

20.    In the event that the Court determines it is appropriate to enter the Movants' Proposed Automatic Stay Order, the Court should make certain modifications.

21.    *First*, the Court should strike the portions of the Proposed Automatic Stay Order requiring TV Azteca to "file a copy of this Order in the Mexican Injunction Litigation and the Amparo within two (2) business days of the entry of this Order" and ordering TV Azteca to "file a notice with this Court affirming its compliance with [the foregoing requirement] within three (3) business days of the entry of this Order." (Automatic Stay Relief Mot., Ex. A at 4.)

22.    The Movants fail to explain why the Alleged Debtors, and not the Movants who are the driving force behind these involuntary Chapter 11 Cases, should file orders entered by this Court. The Movants filed their own suggestion of bankruptcy in the Nonpayment Litigation shortly after they filed the Involuntary Petitions against the Alleged Debtors.

23.    *Second*, the Court should strike the first full paragraph on the third page of the proposed notice of the Proposed Automatic Stay Order. This paragraph provides that "any entity that seeks to assert claims or interests against, seeks or asserts causes of actions or other legal or equitable remedies against or otherwise exercise any rights in law or equity against any of the Debtors or any of their estates must do so in front of the Court pursuant to the Automatic Stay Order, the [*sic*] title 11 of the United States Code (the "<u>Bankruptcy Code</u>") and applicable law." (Automatic Stay Relief Mot., Ex. 1 to Ex. A at 3.) This is a misstatement of the law. The automatic stay provides a stay of certain actions but is not a channeling injunction, as the Movants provide in their proposed notice.

**RESERVATION OF RIGHTS**

24. The Alleged Debtors reserve all rights and remedies to contest the Involuntary Petitions, and this Response and Proposed Order is without prejudice to arguments that the Involuntary Petitions should be dismissed, including based on lack of personal jurisdiction and insufficiency of service, or any other ground.

**CONCLUSION**

25. The Alleged Debtors respectfully request that the Court (i) enter the Proposed Order, (ii) deny the Movants' further requested relief, or, (iii) in the alternative, make certain modifications to the Proposed Automatic Stay Order.

New York, New York
Dated: March 29, 2023

*/s/ Jay Cohen*
Jay Cohen
Elizabeth R. McColm
William A. Clareman
Sean A. Mitchell
**PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP**
1285 Avenue of the Americas
New York, NY 10019
Telephone: (212) 373-3000
Facsimile: (212) 757-3990

*Counsel to the Alleged Debtors*

## Exhibit A

**Proposed Order**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 11 |
| TV Azteca, S.A.B. de C.V., *et. al.*,[1] | Case No. 23-10385 (LGB) |
| Alleged Debtors. | (Jointly Administration Requested) |

**ORDER LIFTING THE AUTOMATIC STAY PURSUANT TO 11 U.S.C. § 362**

Upon consideration of the joint motion (the "Motion")[2] of The Bank of New York Mellon, solely in its capacity as indenture trustee (the "Indenture Trustee") pursuant to that certain indenture, dated as of August 9, 2017 (as amended, restated, supplemented or otherwise modified from time to time, the "Indenture") and Plenisfer Investments SICAV - Destination Value Total Return, Cyrus Opportunities Master Fund II, Ltd. and Sandpiper Limited, each petitioning creditors (together, the "Petitioning Creditors") in the above-captioned chapter 11 cases (the "Chapter 11 Cases") for entry of an order (the "Order") affirming the applicability of and enforcing the automatic stay pursuant to Bankruptcy Code section 362 or, in the alternative, granting limited

---

[1] The Alleged Debtors in these cases are TV Azteca, S.A.B. de C.V.; Alta Empresa, S.A. de C.V.; Asesoría Especializada En Aviación, S.A. de C.V.; Equipo de Futbol Mazatlan, S.A. de C.V.; Producciones Dopamina, S.A. de C.V.; Azteca Records, S.A. de C.V.; Ganador Azteca, S.A.P.I. de C.V.; Operadora Mexicana De Televisión, S.A. de C.V.; Azteca Sports Rights LLC; Producciones Azteca Digital, S.A. de C.V.; Producciones Especializadas, S.A. de C.V.; Productora De Televisión Regional De Tv Azteca, S.A. de C.V.; Promotora de Futbol Rojinegros, S.A. de C.V.; Mazatlan Promotora de Futbol, S.A. de C.V.; Publicidad Especializada en Medios de Comunicación de TV Azteca, S.A. de C.V.; S.C.I. de México, S.A. de C.V.; Servicios Aéreos Noticiosos, S.A. de C.V.; Servicios Especializados Taz, S.A. de C.V.; Servicios y Mantenimiento del Futuro en Televisión, S.A. de C.V.; Corporación de Asesoría Técnica y de Producción, S.A. de C.V.; Editorial Mandarina, S.A. de C.V.; Multimedia, Espectáculos y Atracciones, S.A. de C.V.; Servicios Foráneos de Administración, S.A. de C.V.; Servicios Locales De Producción, S.A. de C.V.; Azteca International Corporation; Stations Group, LLC; TV Azteca Honduras, S.A. de C.V; Comercializadora de Televisión de Honduras, S.A. de C.V.; Incotel S.A.; TVA Guatemala S.A; Lasimex, S.A. de C.V.; TV Azteca Global, S.L.U.; Azteca Comunicaciones Perú, S.A.C.; Redes Opticas, S.A.C; Televisora del Valle de México, S.A. de C.V. The location of the Debtors' corporate headquarters is Periférico Sur 4121, colonia Fuentes del Pedregal, alcaldía Tlalpan, C.P. 14140, Ciudad de México, México.

[2] Capitalized terms not defined herein shall have such meanings ascribed thereto in the Motion.

relief from the automatic stay to permit the Indenture Trustee to pursue certain appeal processes in Mexico; and upon consideration of *The Alleged Debtors' Response to (A) the Joint Motion of The Bank of New York Mellon and the Petitioning Creditors for Entry of an Order (I) Affirming the Applicability of and Enforcing the Automatic Stay, or, in the Alternative, (II) Granting Limited Relief from the Automatic Stay Pursuant to 11 U.S.C. § 362 and (B) The Bank of New York Mellon and Petitioning Creditors' Joint Motion to Schedule an Expedited Hearing and Shorten the Notice Period of the Joint Motion of the Bank of New York Mellon and the Petitioning Creditors for Entry of an Order Granting Relief from the Automatic Stay*, it is hereby ORDERED:

1. The Motion is granted, in part, to the extent set forth herein.

2. To the extent applicable, the automatic stay is lifted pursuant to Bankruptcy Code section 362(d) and Bankruptcy Rule 4001 for the limited purpose of allowing the Indenture Trustee to commence and prosecute the appeals processes in the Mexican Litigation.

3. The Indenture Trustee and the Petitioning Creditors are each authorized and empowered to take all actions necessary to effectuate the relief granted pursuant to this Order.

4. All rights and remedies of the Alleged Debtors are fully reserved to contest the Involuntary Petitions filed in this Court, and this Order is without prejudice to arguments that the Involuntary Petitions should be dismissed, including based on lack of personal jurisdiction and insufficiency of service, or any other ground.

Date: _____, 2023
New York, New York

_____
THE HONORABLE LISA G. BECKERMAN
UNITED STATES BANKRUPTCY JUDGE