# EXHIBIT A

**SUPREME COURT OF THE STATE OF NEW YORK**
**COUNTY OF NEW YORK**

| | |
|---|---|
| The Bank of New York Mellon, solely in its capacity as Trustee for the TV Azteca, S.A.B. de C.V. 8.25% Senior Notes Due 2024, | |
|      Plaintiff, | Index No. _____ |
|  -vs.- | Motion Seq. No. 001 |

TV Azteca, S.A.B. de C.V.; Administradora
Grupo TVA, S.A. de C.V.; Alta Empresa, S.A.
de C.V.; Asesoría Especializada En Aviación,
S.A. de C.V.; Atlético Morelia, S.A. de C.V.;
Azteca Conecta Producciones, S.A. de C.V.;
Azteca Novelas, S.A.P.I. de C.V.; Azteca
Records, S.A. de C.V.; Azteca Telecasting, S.
de R.L. de C.V.; Azteca Web, S.A. de C.V.;
Club De Futbol Rojinegros, S.A. de C.V.;
Comerciacom, S.A. de C.V.; Estudios Azteca,
S.A. de C.V.; Finbor México, S.A. de C.V.;
Ganador Azteca, S.A.P.I. de C.V.; Grupo TV
Azteca, S.A. de C.V.; Inversora Mexicana De
Producción, S.A. de C.V.; Operadora Mexicana
De Televisión, S.A. de C.V.; Organización De
Torneos y Eventos Deportivos, S.A. de C.V.;
Producciones Azteca Digital, S.A. de C.V.;
Producciones Especializadas, S.A. de C.V.;
Productora De Televisión Regional De Tv
Azteca, S.A. de C.V.; Profesionales y
Administrativos en Servicios Inmobiliarios,
S.A. de C.V.; Promotora de Futbol Rojinegros,
S.A. de C.V.; Promotora de Futbol Morelia,
S.A. de C.V.; Publicidad Especializada en
Medios de Comunicación de TV Azteca, S.A.
de C.V.; S.C.I. de México, S.A. de C.V.;
Servicios Aéreos Noticiosos, S.A. de C.V.;
Servicios Especializados Taz, S.A. de C.V.;
Servicios y Mantenimiento del Futuro en
Televisión, S.A. de C.V.; Televisión Azteca,

FILED: NEW YORK COUNTY CLERK 08/26/2022 02:25 PM
NYSCEF DOC. NO. 3

INDEX NO. 653101/2022

RECEIVED NYSCEF: 08/26/2022

23-10385-lgb    Doc 29-1    Filed 04/25/23    Entered 04/25/23 23:07:30    Exhibit A
Pg 3 of 24

S.A. de C.V.; TV Azteca Comercializadora,
S.A. de C.V.; Corporación de Asesoría Técnica
y de Producción, S.A. de C.V.;
Comercializadora De Publicidad Azteca, S.A.
de C.V.; Comercializadora en Medios de
Comunicación de TV Azteca, S.A. de C.V.;
Editorial Mandarina, S.A. de C.V.; Multimedia,
Espectáculos y Atracciones, S.A. de C.V.; Red
Azteca Internacional, S.A. de C.V.; Servicios
Foráneos de Administración, S.A. de C.V.;
Servicios Locales De Producción, S.A. de
C.V.; Agencia Azteca, Inc.; Azteca America TV
Spot Sales; Azteca International Corporation;
Azteca Stations, LLC; Stations Group, LLC;
SCTV, Inc.; Kaza Azteca America Inc.;
Southern California TV LLC; Fundacion
Azteca America, LLC; TV Azteca Honduras,
S.A. de C.V.; Comercializadora de Televisión
de Honduras, S.A. de C.V.; Incotel S.A.; TVA
Guatemala S.A.; Lasimex, S.A. de C.V.; TV
Azteca Global, S.L.U.; Azteca Comunicaciones
Perú, S.A.C.; Redes Opticas, S.A.C.; and
Televisora del Valle de México, S.A. de C.V.

Defendants.

## MEMORANDUM OF LAW IN SUPPORT OF
## PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT IN LIEU OF COMPLAINT

2

Akin Gump Strauss Hauer & Feld LLP
Michael S. Stamer
David H. Botter
Abid Qureshi
David Giller
One Bryant Park
New York, NY 10036
Tel:  212-872-1000
Fax:  212-872-1002
mstamer@akingump.com
dbotter@akingump.com
aqureshi@akingump.com
dgiller@akingump.com

Riker Danzig, LLP
Curtis M. Plaza, Esq.
Daniel A. Bloom, Esq.
Headquarters Plaza, One Speedwell Avenue
P.O. Box 1981
Morristown, New Jersey 07960
Telephone: (973) 538-0800
cplaza@riker.com
dabloom@riker.com

*Counsel for Plaintiff*

3

# TABLE OF CONTENTS

PRELIMINARY STATEMENT ........................................................................................2

FACTUAL BACKGROUND ............................................................................................3

    A.    Parties to this Litigation .......................................................................3

    B.    Indenture, Global Note and Guaranty ...................................................3

    C.    TV Azteca Fails to Make Numerous Interest Payments and Events of Default Result ...................................................................................5

    D.    The Holders Accelerate the Global Note ...............................................7

    E.    The Indenture Trustee Accelerates the Global Note ...............................8

JURISDICTION AND STANDING ....................................................................................9

ARGUMENT ..............................................................................................................10

    A.    The Global Note and the Acceleration of Principal Constitute an "Instrument for the Payment of Money" under CPLR 3213 ..................11

    B.    TV Azteca Has Not Paid the Required Interest Payments under the Global Note or the Full Principal Amount ........................................13

    C.    Plaintiff Can Enforce the Terms of the Global Note and the Indenture ...............14

    D.    There Are No Disputed Issues of Fact .................................................14

CONCLUSION ...........................................................................................................16

## TABLE OF AUTHORITIES

**Cases**

*Afco Credit Corp. v. Boropark Twelfth Ave. Realty Corp.*,
    187 A.D.2d 634 (2d Dep't 1992) ................................................................. 11

*Boland v. Indah Kiat Fin. (IV) Mauritius*,
    291 A.D.2d 342 (1st Dep't 2002) ......................................................... 11, 13

*Cimontubo - Tubagens E Soldadura, LDA v. Petroleos De Venez., S.A.*,
    2021 WL 827133 (S.D.N.Y. Mar. 4, 2021) ............................................ 13

*Cooperatieve Centrale Raiffeisen-Boerenleenbank, B.A., "Rabobank Intl.," N.Y.*
    *Branch v Navarro*,
    25 N.Y.3d 485 (2015) ......................................................................... 14

*Cortlandt St. Recovery Corp. v. Hellas Telecomm., S.à.r.l.*,
    47 Misc. 3d 544 (N.Y. Sup. Ct., N.Y. County 2014) .......................... 12

*Gallagher v. Kazmierczuk*,
    245 A.D.2d 418 (2d Dep't 1997) ........................................................ 11, 15

*Gregorio v. Gregorio*,
    234 A.D.2d 512 (2d Dep't 1996) ........................................................ 13

*N. Fork Bank & Tr. Co. v. Romet Corp.*,
    192 A.D.2d 591 (2d Dept. 1993) ........................................................ 13

*Nat'l Union Fire Ins. Co. of Pittsburgh, Pa. v. Williams*,
    223 A.D.2d 395 (1st Dep't 1996) ....................................................... 9

*Oak Rock Fin., LLC v. Rodriguez*,
    148 A.D.3d 1036 (2d Dep't 2017) ...................................................... 15

*Simon v. Indus. City Distillery, Inc.*,
    159 A.D.3d 505 (1st Dep't 2018) ....................................................... 11

*W. Loan Acquisition Holdings, LP v. MWF Realty, Inc.*,
    42 Misc. 3d 1206(A), 2013 N.Y. Slip Op. 52251(U) (Sup. Ct., Suffolk County
    2013) .................................................................................................. 12

*Weissman v. Sinorm Deli, Inc.*,
    88 N.Y.2d 437 (1996) ......................................................................... 10

**Statutes**

CPLR 302(a) ........................................................................................... 9

v

FILED: NEW YORK COUNTY CLERK 08/26/2022 02:25 PM
INDEX NO. 653101/2022
NYSCEF DOC. NO. 3
RECEIVED NYSCEF: 08/26/2022

23-10385-lgb    Doc 29-1    Filed 04/25/23    Entered 04/25/23 23:07:30    Exhibit A
Pg 7 of 24

CPLR 3213................................................................................................................... *passim*

**Other Authorities**

1st Prelim Report of Advisory Comm on Practice and Procedure,
1957 NY Legis Doc No. 6 [b]......................................................................................10

The Bank of New York Mellon, solely in its capacity as Trustee for the TV Azteca, S.A.B. de C.V. 8.25% Senior Notes Due 2024 ("Trustee" or "Plaintiff"), by its attorneys, Akin Gump Strauss Hauer & Feld LLP, submits this memorandum of law in support of its motion for summary judgment in lieu of complaint pursuant to Section 3213 of the New York Civil Practice Law and Rules ("CPLR"), requesting the Court to enter a judgment against T.V. Azteca, S.A.B. de C.V. (the "Company") and the Guarantors (as defined below)[1] (collectively "TV Azteca" or "Defendants")[2] for the full principal amount, premium, accrued and unpaid interest, and other amounts due on certain 8.250% Senior Notes due 2024 (the "Notes") (as evidenced by the Note in fully-registered global form attached hereto to the Affirmation of Abid Qureshi, dated August 26, 2022 ("Qureshi Aff"), Ex. 1, the "Global Note") issued by TV Azteca pursuant to that certain Indenture, dated as of August 9, 2017 by and between TV Azteca, the subsidiary guarantors party thereto (the "Guarantors"), the Trustee, and The Bank of New York Mellon, London Branch, as Principal

---

[1] The Guarantors are Administradora Grupo TVA, S.A. de C.V.; Alta Empresa, S.A. de C.V.; Asesoría Especializada En Aviación, S.A. de C.V.; Atlético Morelia, S.A. de C.V.; Azteca Conecta Producciones, S.A. de C.V.; Azteca Novelas, S.A.P.I. de C.V.; Azteca Records, S.A. de C.V.; Azteca Telecasting, S. de R.L. de C.V.; Azteca Web, S.A. de C.V.; Club De Futbol Rojinegros, S.A. de C.V.; Comerciacom, S.A. de C.V.; Estudios Azteca, S.A. de C.V.; Finbor México, S.A. de C.V.; Ganador Azteca, S.A.P.I. de C.V.; Grupo TV Azteca, S.A. de C.V.; Inversora Mexicana De Producción, S.A. de C.V.; Operadora Mexicana De Televisión, S.A. de C.V.; Organización De Torneos y Eventos Deportivos, S.A. de C.V.; Producciones Azteca Digital, S.A. de C.V.; Producciones Especializadas, S.A. de C.V.; Productora De Televisión Regional De Tv Azteca, S.A. de C.V.; Profesionales y Administrativos en Servicios Inmobiliarios, S.A. de C.V.; Promotora de Futbol Rojinegros, S.A. de C.V.; Promotora de Futbol Morelia, S.A. de C.V.; Publicidad Especializada en Medios de Comunicación de TV Azteca, S.A. de C.V.; S.C.I. de México, S.A. de C.V.; Servicios Aéreos Noticiosos, S.A. de C.V.; Servicios Especializados Taz, S.A. de C.V.; Servicios y Mantenimiento del Futuro en Televisión, S.A. de C.V.; Televisión Azteca, S.A. de C.V.; TV Azteca Comercializadora, S.A. de C.V.; Corporación de Asesoría Técnica y de Producción, S.A. de C.V.; Comercializadora De Publicidad Azteca, S.A. de C.V.; Comercializadora en Medios de Comunicación de TV Azteca, S.A. de C.V.; Editorial Mandarina, S.A. de C.V.; Multimedia, Espectáculos y Atracciones, S.A. de C.V.; Red Azteca Internacional, S.A. de C.V.; Servicios Foráneos de Administración, S.A. de C.V.; Servicios Locales De Producción, S.A. de C.V.; Agencia Azteca, Inc.; Azteca America TV Spot Sales; Azteca International Corporation; Azteca Stations, LLC; Stations Group, LLC; SCTV, Inc.; Kaza Azteca America Inc.; Southern California TV LLC; Fundacion Azteca America, LLC; TV Azteca Honduras, S.A. de C.V.; Comercializadora de Televisión de Honduras, S.A. de C.V.; Incotel S.A.; TVA Guatemala S.A.; Lasimex, S.A. de C.V.; TV Azteca Global, S.L.U.; Azteca Comunicaciones Perú, S.A.C.; Redes Opticas, S.A.C.; and Televisora del Valle de México, S.A. de C.V..

[2] This includes, to the extent not named, any existing or future Restricted Subsidiaries (as defined in the Indenture) that did or should have signed a supplemental Indenture under Section 10.1(b) of the Indenture.

1

Paying Agent (as amended, restated, supplemented or otherwise modified from time to time, the "Indenture"). Qureshi Aff, Ex 2.

## PRELIMINARY STATEMENT

The facts are undisputed. TV Azteca, including the Guarantors—pursuant to the terms of the Global Note and Indenture—agreed to pay the holder of the Global Note a specified amount of interest, 8.250% per annum, on a defined principal amount, $400 million, on specific dates, August 9 and February 9 of each year, commencing on February 9, 2018 until August 9, 2024, the term of the Global Note. The agreement is clear and unambiguous on its face. TV Azteca violated that agreement by failing to pay its mandated interest payments under the Global Note and Indenture on February 9, 2021, August 9, 2021, and February 9, 2022. These missed interest payments are each an "Event of Default" under the Indenture. TV Azteca has also failed to pay the mandated interest payment on August 9, 2022. As a result of these continued defaults, on May 3, 2022, holders of more than 25% of the aggregate principal amount of outstanding Notes issued a notice of acceleration in accordance with the terms of the Indenture which the Company has neither acknowledged nor disclosed. On August 5, 2022, out of an abundance of caution, the Trustee issued an additional notice of acceleration, in accordance with the terms of the Indenture. The Trustee subsequently issued a supplement to the notice of acceleration on August 8, 2022, again out of an abundance of caution, to clarify that the premium and all other amounts owed under the Indenture are also immediately due and owing as a result of the acceleration. As a result of the acceleration notices, the entire principal amount of the Global Note, premium, accrued and unpaid interest and all other amounts owed are now due and payable. To date, TV Azteca has failed to pay the principal, premium, accrued and unpaid interest or other amounts due under the Global Note or the Indenture.

CPLR 3213 states that "[w]hen an action is based upon an instrument for the payment of money only or upon any judgment, the plaintiff may serve with the summons a notice of motion for summary judgment and the supporting papers in lieu of a complaint."  The situation contemplated by CPLR 3213—where a party breaches its obligation under a written instrument for the payment of money—is precisely what has occurred here.  There is no question that TV Azteca was contractually obligated to pay these interest payments on the specified dates, and that it failed to do so.  Nor is there any question that each missed interest payment is an "Event of Default" under the Indenture, and that the Global Note has been accelerated and the entire principal amount and the applicable premium thereunder is now due and owing.  TV Azteca is contractually required to fulfill its obligations under the Indenture and the Global Note.  Accordingly, Plaintiff requests that summary judgment be entered in its favor.

## FACTUAL BACKGROUND

### A.    Parties to this Litigation

Plaintiff, The Bank of New York Mellon, solely in its capacity as Trustee for the Notes, is a banking corporation organized pursuant to the laws of the State of New York.

T.V. Azteca, S.A.B. de C.V. is one of the largest producers of Spanish-language television programming in the world, operating three national television networks in Mexico through more than 300 owned and operated stations across the country.  TV Azteca also operates or licenses television networks throughout the Americas.

The Guarantors are subsidiaries of the Company that provided a note guarantee pursuant to Section 10.1 of the Indenture.

### B.    Indenture, Global Note and Guaranty

On August 9, 2017, TV Azteca issued $400 million in debt pursuant to the Indenture.  Qureshi Aff, Ex 2.  The stated purpose of this financing was to refinance part of the company's

3

FILED: NEW YORK COUNTY CLERK 08/26/2022 02:25 PM
INDEX NO. 653101/2022
NYSCEF DOC. NO. 3
23-10385-lgb    Doc 29-1    Filed 04/25/23    Entered 04/25/23 23:07:30    Exhibit A
RECEIVED NYSCEF: 08/26/2022
Pg 11 of 24

senior notes due in 2020, which would "significantly improve the debt maturity profile of TV Azteca." *See* Qureshi Aff. Ex. 3. The registered holder of the Global Note is The Bank of New York Depositary (Nominees) Limited. Qureshi Aff. Ex. 1.

Under the terms of the Global Note, as provided in the Indenture, TV Azteca is obligated to make semi-annual interest payments at the rate of 8.250% per annum on the principal sum, $400 million, on specified dates, August 9 and February 9 of each year during the term of the Global Note. *Id.* The Indenture further provides that the Guarantors fully guarantee the obligations of the Company, "whether at maturity, by acceleration, by redemption or otherwise," under the Global Note and the Indenture. Qureshi Aff. Ex. 2. at Section 10.1(a).

As set forth in the Global Note, the Global Note is subject to optional redemption as further described in the Indenture in Article V. Qureshi Aff. Ex. 1 at 8. Pursuant to Section 5.1 of the Indenture, on and after August 9, 2021, the Company may redeem the Notes, at its option, in whole at any time or in part from time to time, at certain redemption prices set forth in Section 5.1. Qureshi Aff. Ex. 2. If redeemed during the twelve-month period following August 9, 2021, the redemption price is equal to 104.125% of the principal amount of the Notes (the "Redemption Premium"). Acceleration of the Global Notes constitutes redemption such that the Redemption Premium is immediately due and owing.

The Indenture requires the Company to compensate the Trustee for all reasonable out-of-pocket expenses incurred by the trustee, including the costs of collection and the expenses of counsel retained by the Trustee. *Id.* at Section 7.7. The Indenture likewise requires the Guarantors to pay any and all expenses incurred by the Trustee in enforcing any rights under a note guarantee. *Id.* at Section 10.1(a).

### C.    TV Azteca Fails to Make Numerous Interest Payments and Events of Default Result

On February 9, 2021, TV Azteca publicly announced that it would "defer" payment to Plaintiff of the interest payment due on that date (the "February 2021 Interest Payment") noting that the COVID-19 pandemic had led to a sharp reduction in advertising investment.  Qureshi Aff. Ex. 4.  Despite the alleged need to "defer" Plaintiff's debt, in the same announcement, TV Azteca stated that it would early amortize up to 1,200 million Mexican pesos[3] of principal, out of 4,000 million pesos[4] of principal outstanding, of its local unsecured debt (the Certificados Bursátiles ("CEBURES")), which is structurally subordinate to the Notes as it has none of the guarantees from the Guarantors that the Notes have the benefit of.  *Id.*  On March 5, 2021, TV Azteca finalized the purchase and cancelation of 1,211 million pesos[5] of the CEBURES on the secondary market. Qureshi Aff. Ex. 5.

On March 12, 2021, the 30-day grace period for payment of interest under the Indenture with respect to the February 2021 Interest Payment lapsed with no payment of interest having been made.  Pursuant to Section 6.1(a)(2) of the Indenture, an "Event of Default" arises for a failure to pay interest if there is a "default for 30 consecutive days or more in the payment when due of interest, or Additional Amounts, if any, on any Notes."  Therefore, TV Azteca's failure to pay the February 2021 Interest Payment became an "Event of Default" under Section 6.1(a)(2) of the Indenture on March 21, 2021.  Qureshi Aff. Ex. 2 at Section 6.1(a)(2).

On March 22, 2021, the Trustee sent TV Azteca a Notice of Event of Default pursuant to the Indenture, informing TV Azteca that it had not made the February 2021 Interest Payment and

---

[3] Approximately $60 million U.S. dollars as of February 9, 2021.
[4] Approximately $199 million U.S. dollars as of February 9, 2021.
[5] Approximately $57 million U.S. dollars as of March 5, 2021.

5

FILED: NEW YORK COUNTY CLERK 08/26/2022 02:25 PM  INDEX NO. 653101/2022
NYSCEF DOC. NO. 3    23-10385-lgb   Doc 29-1   Filed 04/25/23   Entered 04/25/23 23:07:30   Exhibit A   RECEIVED NYSCEF: 08/26/2022

Pg 13 of 24

had failed to cure the default within 30 days following such date and, as such, an Event of Default had occurred. Qureshi Aff. Ex. 6. To date, TV Azteca has not made the February 2021 Interest Payment.

On August 9, 2021, TV Azteca failed to make another interest payment due on such date (the "August 2021 Interest Payment"). On December 8, 2021, TV Azteca sent the Trustee a letter purporting to have unilaterally "deferred" the August 2021 Interest Payment and stating that it was "still in discussions with a group of the largest holders of the [Notes] . . . concerning the Company's obligations under the [Notes]." Qureshi Aff. Ex. 7. Neither the Indenture nor the Global Note contemplate or discuss interest payments being "deferred." Instead, each of the Indenture and Global Note are clear as to the Company's obligations to make payments when due. To date, TV Azteca has not made the August 2021 Interest Payment.

On February 9, 2022, TV Azteca missed a third interest payment due on such date (the "February 2022 Interest Payment" and, collectively with the February 2021 Interest Payment and the August 2021 Interest Payment, the "Missed Interest Payments"). On March 29, 2022, the Trustee sent TV Azteca a Notice of Continuing Events of Default pursuant to the Indenture, informing TV Azteca that it had not made the August 2021 Interest Payment or the February 2022 Interest Payment and, as such, additional Events of Default had occurred. Qureshi Aff. Ex. 8. To date, TV Azteca has not made the February 2022 Interest Payment.

On July 28, 2022, TV Azteca announced improved net sales, net income, and EBITDA. In addition, despite failing to pay the February 2021 Interest Payment, the August 2021 Interest Payment, and the February 2022 Interest Payment, TV Azteca announced that it had carried out a further purchase of 2,136 million pesos[6] of the structurally subordinate CEBURES debt. Qureshi

---

[6] Approximately $105 million U.S. dollars as of July 28, 2022.

6

Aff. Ex 9. TV Azteca identified this action as another step "to ensure the orderly and responsible reorganization of our debt." *Id.*

Finally, on August 9, 2022, TV Azteca missed a *fourth* interest payment due on such date (the "August 2022 Interest Payment"). If the August 2022 Interest Payment remains unpaid for 30 days, it shall become an "Event of Default" under Section 6.1(a)(2) of the Indenture. Qureshi Aff. Ex. 2 at Section 6.1(a)(2).

The aggregate amount of the Missed Interest Payments due and outstanding under the Indenture and Global Note from TV Azteca is $49.5 million excluding the August 2022 Interest Payment. In addition, the Global Note provides that TV Azteca "shall pay interest… on overdue principal" and "interest on Defaulted Interest without regard to any applicable grace periods." Qureshi Aff. Ex. 1 at 7.

### D. The Holders Accelerate the Global Note

On May 3, 2022, as a result of the Events of Default due to the Missed Interest Payments, Holders of more than 25% of the aggregate principal amount of outstanding Notes issued a notice of acceleration to TV Azteca and the Trustee (the "Holder Acceleration Notice") pursuant to and in accordance with the terms of the Indenture. Qureshi Aff. Ex. 10 at 2. Section 6.2 of the Indenture provides that "[i]f any Event of Default . . . shall occur and be continuing, the Holders of at least 25% in aggregate principal amount of the Notes then Outstanding may declare the unpaid principal of (and premium, if any) and accrued and unpaid interest on all of the Notes to be immediately due and payable by notice in writing to the Company and the Trustee specifying the Event of Default and that it is a 'notice of acceleration.'" Qureshi Aff. Ex. 2 at Section 6.2. In accordance with Section 6.2 of the Indenture, the Holder Acceleration Notice specified the Missed Interest Payments as continuing Events of Default and stated that it was a "notice of acceleration"

within the meaning of Section 6.2. Qureshi Aff. Ex. 10 at 2. The Company has never acknowledged receipt of or publicly disclosed the issuance of the Holder Acceleration Notice.

On May 6, 2022, the Trustee sent the Company a letter further advising the Company of the Holder Acceleration Notice. Qureshi Aff. Ex. 11. The Company did not respond to or acknowledge receipt of that letter.

### E. The Indenture Trustee Accelerates the Global Note

On August 5, 2022, out of an abundance of caution, the Trustee also issued a Notice of Acceleration to TV Azteca (the "Acceleration Notice") as a result of the Events of Default due to the Missed Interest Payments, pursuant to and in accordance with the terms of the Indenture. Qureshi Aff. Ex. 12. Section 6.2 of the Indenture provides that "[i]f any Event of Default . . . shall occur and be continuing, the Trustee . . . may declare the unpaid principal of (and premium, if any) and accrued and unpaid interest on all of the Notes to be immediately due and payable by notice in writing to the Company and the Trustee specifying the Event of Default and that it is a 'notice of acceleration.'" Qureshi Aff. Ex. 2 at Section 6.2. In accordance with Section 6.2 of the Indenture, the Acceleration Notice specified the Missed Interest Payments as continuing Events of Default and stated that it was a "notice of acceleration" within the meaning of Section 6.2. *Id.* As a result of the Acceleration Notice, pursuant to the terms of the Indenture, the unpaid principal of, Redemption Premium and accrued and unpaid interest on the Global Note is now due and payable.

On August 8, 2022, the Trustee issued a supplement to the Acceleration Notice, again out of an abundance of caution, to clarify that any premium and any other amounts owed on the Notes and under the Indenture are also immediately due and owing as a result of the acceleration. Qureshi Aff. Ex. 13.

On August 8, 2022, the Company issued a press release acknowledging receipt of the Acceleration Notice. Qureshi Aff. Ex. 14.

## JURISDICTION AND STANDING

TV Azteca and each of the Guarantors are subject to personal jurisdiction in this Court under CPLR 302(a) because the Indenture contains a New York forum selection clause. A forum selection clause "affords a sound basis for the exercise of personal jurisdiction over a foreign defendant and renders the designated forum convenient as a matter of law." *Nat'l Union Fire Ins. Co. of Pittsburgh, Pa. v. Williams*, 223 A.D.2d 395, 398 (1st Dep't 1996).

Under the Indenture, TV Azteca agreed to submit to the jurisdiction of this Court with respect to actions arising out of or based on the Notes, evidenced here by the Global Note, or arising out of or based on the Indenture itself. Qureshi Aff. Ex. 2 at Section 11.7(b)(i). Pursuant to Section 11.7(b)(i) of the Indenture, TV Azteca, which includes the Guarantors, agreed that "any suit, action or proceeding against it arising out of or relating to this Indenture (including the Note Guarantees) or the Notes, as the case may be, may be instituted in any court of the State of New York or any United States court sitting, in each case, in the Borough of Manhattan, The City of New York, New York, United States of America, and any appellate court from any court thereof." *Id.* TV Azteca further waived any objection to venue and "irrevocably consent[ed] and submit[ted] to the exclusive jurisdiction of any court in the State of New York." *Id.* at Section 11.7(b)(ii)-(iii). Jurisdiction and venue are therefore proper in this Court.

The Trustee has standing to bring this action against TV Azteca under the terms of the Indenture. Section 6.8 of the Indenture provides that:

> "If an Event of Default specified in Section 6.1(a)(1) and Section 6.1(a)(2) occurs and is continuing, the Trustee may recover judgment in its own name and as trustee of an express trust against the Company and each Subsidiary Guarantor for the whole amount then due and owing (together with applicable interest on any overdue principal and, to the extent lawful, Defaulted Interest) and the amounts provided for in Section 7.7."

Because an Event of Default under Section 6.1(a)(2) has occurred and is continuing, the Trustee may bring this suit to obtain a judgment against the Company for the amounts due and owing under

the Global Note and Indenture, which include the outstanding principal amount, premium, accrued

and unpaid interest, and other amounts including the reasonable fees and expenses of the Trustee

owing under the Indenture. *See* Qureshi Aff. Ex. 2 at Article VI.

## ARGUMENT

CPLR 3213 states that "[w]hen an action is based upon an instrument for the payment of

money only or upon any judgment, the plaintiff may serve with the summons a notice of motion

for summary judgment and the supporting papers in lieu of a complaint." Courts have noted that

"[i]ts purpose was to provide quick relief on documentary claims so presumptively meritorious

that 'a formal complaint is superfluous, and even the delay incident upon waiting for an answer

and then moving for summary judgment is needless.'" *Weissman v. Sinorm Deli, Inc*., 88 N.Y.2d

437, 443 (1996) (quoting 1st Prelim Report of Advisory Comm on Practice and Procedure, 1957

NY Legis Doc No. 6 [b], at 91). This is precisely such a case.

TV Azteca failed to satisfy its obligations under the Global Note and the Indenture when it

failed to make three separate interest payments on the specific payment dates identified on the face

of the Global Note—February 9, 2021, August 9, 2021, and February 9, 2022.[7] These missed

interest payments, individually and together, constitute continuing Events of Default. As a result,

the Trustee appropriately accelerated the Global Note in accordance with the Indenture, causing

the full principal, as well as any premium, including the Redemption Premium, missed interest

payments and interest thereon, to be immediately due and owning. The accrued and unpaid interest

amounts, premium, principal, and other amounts due under the Global Note and Indenture remain

outstanding. The Trustee is thus entitled to summary judgment under CPLR 3213.

---

[7] Meanwhile, TV Azteca inexplicably chose to make *early* payments of CEBURES debt.

**A. The Global Note and the Acceleration of Principal Constitute an "Instrument for the Payment of Money" under CPLR 3213**

Under New York case law "an instrument qualifies for CPLR 3213 treatment . . . if a prima facie case would be made out by the instrument and a failure to make the payments called for by its terms." *Afco Credit Corp. v. Boropark Twelfth Ave. Realty Corp.*, 187 A.D.2d 634, (2d Dep't 1992). This standard is met here.

The face of the Global Note identifies the principal amount of the loan, $400 million, the interest rate, 8.250% per annum, and the semi-annual interest payment dates, August 9 and February 9 of each year. *See* Qureshi Aff. Ex. 1 at 3. Further, it states that TV Azteca "promises to pay interest on the principal amount of this Note at the rate per annum shown above" on the face of the Global Note. *Id.* As such, the executed Global Note constitutes an "instrument for the payment of money" under CPLR 3213. *See Simon v. Indus. City Distillery, Inc.*, 159 A.D.3d 505, 505 (1st Dep't 2018) ("the note is 'an instrument for the payment of money only' and a proper subject of a motion pursuant to CPLR 3213"); *Gallagher v. Kazmierczuk,* 245 A.D.2d 418, 418 (2d Dep't 1997) ("summary judgment in lieu of complaint pursuant to CPLR 3213 is appropriate where, as here, the full extent of the debtor's obligation can be gleaned from the face of the note alone").

The Global Note also directly incorporates the Indenture. Notably, it states that the Global Note is issued under the Indenture and that it is "subject to all such terms." Qureshi Aff. Ex. 1 at 7. Further, the Global Note states that "[e]ach Holder by accepting a Note agrees to be bound by all of the terms and provisions of the Indenture." *Id.* That review of the Indenture is necessary to determine certain rights under the Global Note in no way affects Plaintiff's ability to utilize the Global Note as an "instrument for the payment of money" under CPLR 3213. *See Boland v. Indah Kiat Fin. (IV) Mauritius*, 291 A.D.2d 342, 342–43 (1st Dep't 2002) ("the necessity for reference

to the indenture to establish the amount of liability would not in any event affect the availability of CPLR 3213, because it would not alter the purely monetary nature of the obligation set forth in the note"). This issue was explicitly addressed in *Cortlandt Street Recovery Corp. v. Hellas Telecommunications, S.à.r.l.*, where the Court denied defendant's argument that "relief [was] not available under CPLR 3213 because the right to bring an action, the right to recover under the guarantee, and the calculation of the sum due cannot be ascertained without reference to the indenture." 47 Misc. 3d 544, 563 (N.Y. Sup. Ct., N.Y. County 2014). The Court stated that the "PIK notes are indisputably instruments for the payment of money only, as the right to repayment appears on their face" and that the notes only "refer to the terms of the indenture only to the extent necessary for the[ir] enforcement." *Id.* at 564. Reference to the indenture for the guarantor's obligations likewise did not "alter the unconditional obligation to pay imposed by the PIK notes," meaning "recovery is properly sought pursuant to CPLR 3213" on the guarantor's obligations as well. *Id.* (granting summary judgment against issuer and guarantor). As a result, "even if the indenture is not an instrument for the payment of money only, CPLR 3213 is applicable." *Id.*

The full amount of principal due under the Global Note as a result of the acceleration is also part of the same "instrument for the payment of money" for the purposes of CPLR 3213. Pursuant to the Acceleration Notice sent by the Trustee, the unpaid principal of and accrued and unpaid interest on the Global Note became due and payable immediately as of August 5, 2022. As New York courts have held, a note that "authorizes the holder to 'declare the full amount of the Note due immediately'" upon the issuer's failure to pay "constitutes an 'instrument for the payment of money' for purposes of suit under CPLR 3213." *W. Loan Acquisition Holdings, LP v. MWF Realty, Inc.*, 42 Misc. 3d 1206(A), 2013 N.Y. Slip Op. 52251(U), *5 (Sup. Ct., Suffolk County 2013). Such an acceleration provision allows "the extent of the defendant's obligation" to

12

"be gleaned from the face of the note alone," which, "[c]oupled with proof of the defendant's default in payment," establishes a "prima facie entitlement to summary judgment." *Gregorio v. Gregorio*, 234 A.D.2d 512, 512–13 (2d Dep't 1996); *see also Cimontubo - Tubagens E Soldadura, LDA v. Petroleos De Venezuela, S.A.*, 2021 WL 827133, at *6 (S.D.N.Y. Mar. 4, 2021) (granting summary judgment on removed CPLR 3213 action for unpaid interest and accelerated principal); *Boland*, 291 A.D.2d at 342 (granting summary judgment pursuant to CPLR 3213 on accelerated promissory note). The Trustee is therefore entitled to seek damages in the full amount of unpaid principal, premium, accrued and unpaid interest, and other amounts due under the Global Note and Indenture.

## B. TV Azteca Has Not Paid the Required Interest Payments under the Global Note or the Full Principal Amount

As addressed above, TV Azteca was obligated to make specific interest payments under the Global Note. The Guarantors maintain that same obligation.[8] It is undisputed that TV Azteca failed to make those payments on the specified dates in the Global Note—February 9, 2021, August 9, 2021, and February 9, 2022. TV Azteca has admitted as much in press releases and communication with the Indenture Trustee. *See* Qureshi Aff. Exs. 4, 7. TV Azteca cannot claim that it did not "miss" any interest payments because it informed certain noteholders and the Trustee that the payments were "deferred." Neither the Global Note nor the Indenture includes any provision that would allow TV Azteca to "defer" or "postpone" payment. *N. Fork Bank & Tr. Co. v. Romet Corp.*, 192 A.D.2d 591, 592 (2d Dept. 1993) ("It is well settled that courts are to enforce,

---

[8] "[E]ach Subsidiary Guarantor hereby fully unconditionally and irrevocably guarantees, as primary obligor and not merely as surety, joint and severally with each other Subsidiary Guarantor, to each Holder and the Trustee *the full and punctual payment when due, whether at maturity, by acceleration, by redemption or otherwise of the Obligations of the Company under the Notes and this Indenture . . . . Each Subsidiary guarantor hereby agrees to pay, in addition to the amounts stated above, any and all expenses (including reasonable counsel fees and expenses) incurred by the Trustee or the Holders in enforcing any rights under a Note Guarantee.*" Qureshi Aff. Ex. 2 at Section 10.1 (emphasis added).

13

not rewrite, contracts, and they may not by construction add or excise terms, nor distort the meaning of those used and thereby make a new contract for the parties under the guise of interpreting the writing.") (citations omitted).  In addition, there was no forbearance agreement, or any other agreement, with the Trustee or any noteholder that interest payments were in any way being delayed, deferred, postponed, waived or forgiven, nor was there any agreement to waive the Events of Default resulting from a failure to pay missed interest or to forbear from exercising rights and remedies.  Further, it is undisputed that on August 5, 2022, as a result of the Acceleration Notice sent by the Trustee, the full amount of the principal became due and owing, and that principal remains unpaid.

### C.  Plaintiff Can Enforce the Terms of the Global Note and the Indenture

As a result of the ongoing Events of Default, under Section 6.3(a) of the Indenture, the Trustee "may pursue any available remedy to collect the payment of principal of and interest on the Notes or to enforce the performance of any provision of the Notes or this Indenture." Additionally, Section 6.8 of the Indenture specifically permits the Trustee to institute a collection suit as a result of the missed interest payments as described in Section 6.1(a)(2).  Qureshi Aff. Ex 2.  Plaintiff is therefore authorized under the terms of the Global Note and Indenture to bring this suit.

### D.  There Are No Disputed Issues of Fact

Once a plaintiff, here the Trustee, establishes, prima facie, its entitlement to judgment as a matter of law, "the burden shifts to the defendant to establish, by admissible evidence, the existence of a triable issue with respect to a bona fide defense." *Cooperatieve Centrale Raiffeisen-Boerenleenbank, B.A., "Rabobank Intl.," N.Y. Branch v Navarro*, 25 N.Y.3d 485, 492 (2015).  As noted above, the Trustee has clearly established that: (i) TV Azteca, including its Guarantors, owed specific interest payments at pre-determined times under the Global Note; (ii) TV Azteca failed to

14

meet those obligations; (iii) the Trustee accelerated the Global Note; (iv) TV Azteca's full principal

is now due and owing; and (v) TV Azteca has yet to pay the unpaid interest or unpaid principal,

demonstrating, as a prima facie matter, that the Trustee is entitled to judgment as a matter of law

under CPLR 3213. *See Gallagher*, 245 A.D.2d at 418 ("the plaintiffs established a prima facie

case [under CPLR 3213] by submitting proof of the note and of the defendants' default").

TV Azteca cannot meet its burden as it cannot demonstrate the existence of a triable issue

of fact. The reason is simple - there are no triable issues in dispute. TV Azteca entered into the

Global Note and Indenture, whereby it agreed to make 8.250% interest payments on a semi-annual

basis on February 9 and August 9 of each year. TV Azteca has failed to make the last three interest

payments under the Indenture and Global Note or to cure the default within 30 days. The principal

amount of the debt owed under the Global Note and Indenture has been accelerated and is now

due and owing.

Generally, summary judgment is only improper under CPLR 3213 if the underlying

agreement fails to contain an agreement to pay a definitive amount on a specific date. *See Oak

Rock Fin., LLC v. Rodriguez*, 148 A.D.3d 1036, 1039 (2d Dep't 2017) (relief under CPLR 3213

was inappropriate where "neither the guaranty nor the underlying agreement relied upon by the

plaintiff . . . contains an unconditional promise to pay a sum certain, signed by the maker and due

on demand or at a definite future time"). That is not the case here. Here, the Global Note and

Indenture clearly identify a specific promise to pay an agreed upon amount at a predetermined

future date, which TV Azteca has failed to do. As a result, summary judgment in favor of the

Trustee is required.

15

## **CONCLUSION**

Plaintiff respectfully request that the Court:

- Grant Plaintiff summary judgment under CPLR 3213 against Defendants;

- Award Plaintiff compensatory damages totaling the aggregate amount of accrued and unpaid interest based on Defendants' failure to make three interest payments, the full amount of interest up to the date of acceleration on August 5, 2022, and the full amount of principal due under the Indenture, collectively totaling $469,783,272;

- Award Plaintiff premium consistent with the Redemption Premium at a rate of 104.125% of the principal as of the date of acceleration, August 5, 2022, as provided in Section 5.1 of the Indenture, for a premium totaling $16,500,000;

- Award Plaintiff prejudgment interest from the date of acceleration at a rate of 8.250% as provided in the Indenture, as well as post-judgment interest under the current New York State statutory interest rate of 9%. At the date of filing, the unpaid interest including the Redemption Premium, and principal totaled $488,623,510;

- Award reasonable attorneys' fees and expenses of the Trustee as additional amounts due under the Global Note and Indenture, and as specifically provided in Sections 6.8, 7.7, and 10.1 of the Indenture; and

- Grant such other and further relief as the Court deems just and proper.

16

New York, New York
Dated:  August 26, 2022

AKIN GUMP STRAUSS HAUER & FELD LLP

By: _/s/ Abid Qureshi_____
Michael S. Stamer
David H. Botter
Abid Qureshi
David Giller
One Bryant Park
New York, NY 10036
Tel:  212-872-1000
Fax:  212-872-1002
mstamer@akingump.com
dbotter@akingump.com
aqureshi@akingump.com
dgiller@akingump.com

Riker Danzig, LLP
Curtis M. Plaza, Esq.
Daniel A. Bloom, Esq.
Headquarters Plaza, One Speedwell
Avenue
P.O. Box 1981
Morristown, New Jersey 07960
Telephone: (973) 538-0800
cplaza@riker.com
dabloom@riker.com

*Counsel for Plaintiff*

17